ELLIS v. BOARD OF SUPERVISORS OF HARRISON COUNTY.

County Seat: RE-LOCATION OF: PRESENTATION OF PETITION. A petition for the submission of the question of the re-location of a county seat must be presented at a *regular* session of the Board of Supervisors. The board is not authorized to entertain it at an *adjourned* session.

*Appeal from Harrison Circuit Court.*

FRIDAY, MARCH 19.

THIS is a proceeding by *certiorari* from the Circuit Court to the Board of Supervisors of Harrison county, in which it is claimed by the plaintiff that the board acted illegally in refusing to entertain a petition by citizens and voters of the county asking that the question of re-locating the county seat be submitted to a vote of the electors of the county.

On the hearing in the Circuit Court the action of the Board of Supervisors was sustained, and judgment rendered against the plaintiff for costs, from which he appeals.

*Mickel & Shoemaker, Brannan* and *Montgomery & Scott,* for appellant.

*J. R. Zuver,* for appellee.

MILLER, CH. J.—The return to the writ of *certiorari* shows that on the 8th of April, 1874, being the third day of the April session of the Board of Supervisors of the county, and the business of the session having been finished, certain persons, of whom plaintiff was one, requested the board to adjourn to some future day, to enable them to present to the board a petition for the re-location of the county seat at Missouri Valley, in said county. With this request the board complied, and adjourned until the 21st day of April, 1874, at which time they met pursuant to adjournment. At this meeting a petition for the submission of the question of re-locating the county seat was presented. The board voted to receive the

petition. Its consideration was opposed by a number of the citizens of the county on various grounds, principal among which are the following: *First.* That legal notice of the presentation of the petition had not been given. *Second.* That the petition had not been presented at the regular session of the board, and that it could not be considered and acted upon at an adjourned session.

After a hearing before the board, that body refused to entertain the petition, some of the members basing their action upon the alleged insufficiency of notice of the presentation of the petition.

Section 281, of the Code, provides that "whenever the citizens of any county desire a re-location of their county seat, they may petition their board of supervisors respecting the same at any regular session."

The petition in this case was not presented at a "*regular* session" of the board as prescribed by the statute, but at an *adjourned* session. The regular session was virtually ended —the business of the session having been completed before the proposition for an adjourned session was made. The statute does not confer authority upon the board to entertain a petition of this character at any other than a "regular session." The board, therefore, committed no error in refusing to act upon the petition in this case.

The question of notice need not be determined, as the above view disposes of the case. The judgment will be

AFFIRMED.