WILLIAM L. BANNING *vs.* FRANCIS McMANUS.

| 51 | 289 |
|---|---|
| 63 | 56 |
| 51 | 289 |
| 75 | 466 |

Argued Oct. 28, 1892.   Decided Nov. 17, 1892.

**Tax Titles—Designation of Newspaper—Meetings of County Commissioners.**

The board of county commissioners met in regular session on Tuesday, January 6th, and continued in session until January 8th, when they adjourned until January 14th, at which last date they designated the newspaper in which the delinquent tax list should be published. *Held,* that such designation was valid.

**Same—Adjournment of Meeting.**

1878 G. S. ch. 8, § 102, providing that no regular session of the board shall continue longer than six days, does not require that the session shall be continuous from day to day, nor deprive the board of the power to adjourn the session to a date more than six days from its commencement.

**Same—1878 G. S. ch. 11, § 72, Construed.**

The provision of 1878 G. S. ch. 11, § 72, that the county board shall designate the newspaper in which the delinquent tax list shall be published at their annual meeting in January, or at their meeting in March, is mandatory only to the extent that they must make the designation at or before the March meeting; otherwise it is merely directory.

**Description in Tax Judgment.**

A certain description in a tax judgment *held* sufficient.

Appeal by plaintiff, William L. Banning, from an order of the District Court of Scott County, *Cadwell,* J., made January 25, 1892, refusing a new trial.

This action was brought by the plaintiff, who claimed to own an undivided two-fifths of the southwest quarter of the southwest quarter of section ten, (10,) Township one hundred and fourteen (114) north, Range twenty-two (22) west, in Scott County, against the defendant, Francis McManus, to determine the adverse claim of defendant to the land under a large number of tax titles, and to remove the cloud thereof. The case was tried June 17, 1891, before the court, a jury being waived. Findings were made September 5, 1891, in which all the tax titles under which defendant claimed were held

v.51M.—19

void, except those acquired under the sale of 1880 for the taxes of 1879, and under the sale of 1882 for the taxes of 1881, which were held valid, and judgment ordered for the defendant. From an order denying his motion for a new trial, plaintiff appeals.

*H. J. Horn*, and *Charles J. Berryhill*, for appellant.

The board of county commissioners must adopt the resolution designating the newspaper in which the delinquent tax list is to be published, within six days from the time it convenes in its regular January session. *Eastman* v. *Linn*, 26 Minn. 215; *Hall* v. *County of Ramsey*, 30 Minn. 68. There was no sufficient description of the property, in the tax judgment. The ditto marks refer to the abbreviation "No." at the top of the column, (1878 G. S. ch. 11, § 109,) and make the description read "S. W. ¼ No. S. W. ¼," a description of no property whatever. *Crosby* v. *Dowd*, 61 Cal. 557; *Collins* v. *Storm*, 75 Iowa, 36; *Gilfillan* v. *Hobart*, 35 Minn. 185; *Keith* v. *Hayden*, 26 Minn. 212; Blackwell, Tax Titles, § 152.

*Chas. G. Hinds*, for respondent.

The particular time in which the commissioners may designate the newspaper is directory within the whole period of time over which their jurisdiction extends, to wit: from the first day of their annual meeting in January, to the last day of their meeting in March. *Hall* v. *County of Ramsey*, 30 Minn. 68. The limitation that no regular session shall continue longer than six days is not a limitation to six consecutive days.

The ditto marks were clearly a clerical error, and did not render the description indefinite or uncertain. They were correctly disregarded. *Thompson* v. *Bickford*, 19 Minn. 17, (Gil. 1;) *McClure* v. *Bruck*, 43 Minn. 305; *Lybrand* v. *Haney*, 31 Wis. 230; *Sperry* v. *Goodwin*, 44 Minn. 207; *Chouteau* v. *Hunt*, 44 Minn. 173.

MITCHELL, J. This was an action to determine adverse claims to real property. The defendant claimed under a number of tax titles, two of which the court held valid, viz., those acquired, respectively, under the sales of 1880 for the taxes of 1879, and of 1882 for the

taxes of 1881. Of course, if either is valid, the case was rightly decided. To the title acquired under the sale of 1880 only two objections are urged that are worthy of serious consideration: *First,* that there never was any valid designation of the newspaper in which the delinquent list was published; *second,* that the tax judgment is void, because it does not sufficiently describe the property.

1. It appears that the board of county commissioners met in regular session at the time fixed by law, viz., the first Tuesday (the 6th) of January, and continued in session until January 8th, and then adjourned over until January 14th, on which day they passed the resolution designating the newspaper in which the delinquent tax list should be published.

The argument of the appellant is (1) that the provision of 1878 G. S. ch. 11, § 72, that the county board shall designate the newspaper "at their annual meeting in January, or at the meeting of said board in March," is in all respects mandatory; (2) that the provision of 1878 G. S. ch. 8, § 102, that "no regular session shall continue longer than six days, and no extra session longer than three days," is also mandatory, and that it means that the session must be continuous, so that not more than six or three secular days shall intervene from the commencement of a session until its close, and therefore that the board had no power to adjourn their January meeting over to the 14th, and consequently they had no authority to designate the newspaper at that date. If this construction of section 102 is correct, and as a consequence all proceedings of county boards, after the expiration of six or three secular days from the commencement of a session, are void, the consequences would be very serious, and we apprehend the announcement of such a doctrine would be quite a surprise. But we find nothing in the statute justifying any such construction. It is a general rule, applicable to all such bodies, that, in the absence of any express provision to the contrary, a regular meeting may be adjourned to a future day, and at such adjourned meeting it will be lawful to transact any business which might have been transacted at the stated meeting of which it is, indeed, but the continuation. It would require very clear language to that effect to warrant us in holding that it was the legislative intent to deny this

power to boards of county commissioners. Moreover, we are of the opinion that this statutory limitation on the length of sessions is merely directory, the manifest purpose being to limit the amount of compensation or *per diem* of county commissioners. *People* v. *Green,* 75 N. C. 329. Of course, a limitation, necessarily implied, to the right of adjourning over, is that a session could not be extended beyond the commencement of the next session fixed by law.

But we think the validity of the designation can be sustained on still another ground, and that is that the provision of the statute as to the time when it shall be done is merely directory. Of course, it is mandatory to the extent that it must be done, if done by the board, before the close of the March meeting, because, if not done by that time, the authority to designate the newspaper devolves upon the county auditor; but, if done within that time, the particular time or meeting at which the commissioners are to perform this duty is merely directory.

The general rule is that where the provision of a statute as to the time when an act shall be done is intended merely for the guidance of public officers, so as to insure the orderly and seasonable performance of public business, a disregard of which cannot injuriously affect the rights of parties interested, it will be deemed merely *directory.* *Kipp* v. *Dawson,* 31 Minn. 373, (17 N. W. Rep. 961, and 18 N. W. Rep. 96.)

The evident purpose of the statute in requiring the county board to act in this matter at either their January or March meeting (which are the two last regular meetings before the delinquent list is to be published) is to insure its being done in time for the publication of the list as required by law. The particular time or the particular meeting at which the newspaper is designated cannot affect the rights of any taxpayer. What the statute provides for his information and protection, and all the interest he has in the matter, is that a copy of the resolution shall be filed with the clerk of the court, so that he may be able to ascertain in what paper the list is published.

Consequently we think that a designation of the paper by the county board at any meeting, general or special, prior to the close of their March meeting, would be valid. There is nothing in conflict with this

in *Hall* v. *County of Ramsey*, 30 Minn. 68, (14 N. W. Rep. 263.)   On the contrary, that case, when fully examined, is right in line with this view.   Hence it makes no difference whether the meeting of the board on January 14th was a lawful continuation of the January session, or an extra and special session, (and it must have been one or the other;) in either view, the action of the board was valid.

2. Two objections are made to the sufficiency of the description of the property in the judgment.   One is that the land was described by initial letters to designate the part of a section, without being followed by a period as an "abbreviation mark."   There is nothing in this point.   As a matter of fact, it is a common practice, in using the initial letters of parts of a section according to government survey, to omit the "abbreviation mark" altogether; but everybody understands perfectly what such initial letters, so used, mean.

The other objection to the description is that in the original judgment the inverted commas or ditto marks, which had been used in preceding descriptions, are continued and inserted in the middle of the description, so that it appears on the judgment book as follows:

S W$\frac{1}{4}$ " "  S W$\frac{1}{4}$

The description is correct in the delinquent list as filed and as published, and the insertion of these commas was evidently a mere clerical mistake; and whether we disregard it as such, or construe it as referring back to "No.," (an abbreviation for "number,") at the head of the column, it does not affect or alter the description.   Read either way, it means the same.

None of the objections to the title acquired under the sale for taxes of 1880 being well taken, it is unnecessary to consider the other tax title, and the result is that the order denying a new trial is affirmed.

COLLINS, J., took no part.

(Opinion published 53 N. W. Rep. 635.)

An application for a reargument was denied Dec. 5, 1892.