M. T. BUTTERFIELD v. W. N. TREICHLER, Judge.

**Canvass of Mulct Petition:** REGULAR SESSION OF BOARD: *Adjournments.* A county board, having disposed of all business before 1 it at a regular meeting, adjourned to a certain date for the purpose of canvassing statements of consent to the sale of 2 intoxicating liquors. *Held*, that the adjourned meeting was a continuation of the regular meeting, and the canvass was therefore made at a regular meeting, as required by Code, section 2450.—*Ellis v. Board*, 40 Iowa, 301, overruled.

**Review on Appeal:** CERTIORARI. The writ of certiorari cannot be 3 used to correct mere errors, but only to test the jurisdiction of an inferior tribunal.

POINTS NOT MADE IN ARGUMENT. The appellate court may properly 2 disregard a question not referred to in the printed argument.

*Certiorari to Cedar District.*—HON. W. N. TREICHLER, Judge.

THURSDAY, FEBRUARY 7, 1901.

THIS is a certiorari proceeding commenced in this court to review the action of W. N. Treichler, one of the judges of the Eighteenth judicial district, in affirming the conclusion of the board of supervisors of Cedar county with relation to certain statements of consent to the sale of intoxicating liquors in said county. The action of the board in approving said statements was affirmed by the district court on appeal, and this writ was sued out by plaintiff to test the legality of the action of the latter tribunal.—*Dismissed.*

*Charles W. Kepler* for plaintiff.

*T. B. Hanley* and *Wright & Wright* for defendant.

WATERMAN, J.—On the day of the general election, in November, 1899, statements of consent to the sale of intoxicating liquors in Cedar county were circulated at the various polling places. The board of supervisors convened in regular session on November 13, and, having disposed of all business before it, adjourned on the fifteenth of November to December 5 for the purpose of then canvassing these statements of consent, which it was anticipated would be on file by that time. When the board met on December 5 no statements had been filed, and another adjournment was taken until December 26. On the latter day the statements of consent were canvassed by the board and found sufficient. The principal point now made is that, as this was not done at a regular session of the board, its action was without authority, and reliance for support in this position is had upon the case of *Ellis v. Board,* 40 Iowa, 301. It was held in that case that where the board had disposed of the business before it, and adjourned to a future day, its session on this latter day was not a part of the regular meeting. It is provided in section 2450 of the Code that the canvass of statements of consent to the sale of intoxicating liquors shall be conducted by the board, and their finding made at regular meeting. If the rule of the *Ellis Case* is to be followed, we must hold the action of the board to have been illegal. It will be noticed that no authorities are cited in that case, nor is any reason given in support of the conclusion reached. Certainly it is against the great weight of authority. As opposed to it, see *Burkelo v. Commissioners,* 38 Minn. 441 (38 N. W. Rep. 108); *Banning v. McManus,* 51 Minn. 289 (53 N. W. Rep. 635); *Town of Waterville v. Commissioners,* 59 Me. 88; *Inhabitants of Bethel v. Commissioners,* 60 Me. 635; *Ex parte Mirande,* 73 Cal. 370 (14 Pac. Rep. 888).

Judge Dillon, in his work on Municipal Corporations (volume 1, section 237), in speaking of a city council, says: "A regular meeting, unless special provision is made to the contrary, may adjourn to a future fixed day, and at such meeting it will be lawful to transact any business which might have been transacted at the stated meeting of which it is but a continuation." We take this to be a correct statement of the law as announced by the majority of the cases. Indeed, so far as we have been able to discover after a careful examination, it is the rule sanctioned by all authorities except the *Ellis Case*. It is true that complainant cites also the case of *Scott* v. *Union County,* 63 Iowa, 588, but that case does not aid him. There the adjournment was without day, and thereafter the board came together, and did the business of which complaint was made.

Let us now look for a moment at the reason of the *Ellis Case*. The board of supervisors can meet but in regular or special session. A special meeting can be held only after notice published in two newspapers or posted for one week at the door of the court house. Section 420, Code. If the board at a regular meeting should dispatch all business pending before it, and then learn of some new matter demanding immediate attention, it could not lawfully dispose of the same, for the regular meeting would stand adjourned by operation of law, on the completion of the business actually before it. There would be nothing to do but await the call of a special meeting, or delay the matter until the next regular meeting, and in either case public interests might seriously suffer. So, too, if the members of the board, when taking an adjournment, suppose there is some pending business, and transact business thereafter, their acts will be void, if they are mistaken in the matter, for the adjourned session would not be a lawful meeting. The only reason for requiring statements of consent to be canvassed at a regular meeting of the board is to secure publicity in the proceeding,

but this is equally well assured where an adjournment to a day certain is entered upon the records of the board.

It is true the *Ellis Case* announces a rule of procedure, and has stood for many years. For these reasons we should be slow to interfere with it. But we are led to believe that the rule of this case has not been generally recognized by the tribunals for whose government it was made, and we are sure that its reaffirmance now would lead to confusion in business, and perhaps to serious public loss. For these reasons we decline to follow it, and must hold that the adjourned meeting of the board, on December 26, was a part of the regular November meeting, and the action of the board was therefore legal and valid. We may say here that the authority of the *Ellis Case* has been impliedly questioned by this court in *Railroad Co. v. City of Council Bluffs,* 109 Iowa, 425, in which it was held that, for the purpose of a city council rescinding its action in a certain matter, an adjourned meeting would be deemed a continuation of a previous regular meeting.

II. In oral argument it was urged that the notice of the board's contemplated action was not sufficient; that it should have been given 10 days prior to the first day of the session of the board. This matter is not referred to in the printed argument, and for this reason we might disregard it. But we deem it proper to say that the notice here was given 10 clear days prior to the hearing, and we consider this sufficient, under section 2450 of the Code.

III. Complaint is made because the trial court submitted the issues to a jury, and taxed the fees of a large number of witnesses to plaintiff. Both of these matters, if erroneous, might have been corrected on appeal. The writ of certiorari is never used to correct a mere error, but only to test the jurisdiction of an inferior tribunal. *State v. Roney,* 37 Iowa, 30; *Ransom v. Cummins,* 66 Iowa, 137. The trial court clearly had jurisdiction to rule on these matters. If it erred, the remedy was by appeal. The writ must be DISMISSED.