P. D. McMILLAN and Others v. BOARD OF COUNTY COMMISSIONERS OF FREEBORN COUNTY.[1]

July 15, 1904.[2]

Nos. 13,944—(142).

**Statute—Public Ditch—Reassessment.**

Following State v. Board of Co. Commrs. of Polk Co., 87 Minn. 325, and State v. Crosby, 92 Minn. 176, chapter 258, p. 413, Laws 1901, as amended by chapter 38, p. 90, Laws 1902, is not in violation of either the state or federal constitution. The power specially to assess property for benefits received is a continuing one, and the authority conferred by section 25 of said act (Laws 1901, p. 427, c. 258) to reassess property benefited by the construction of certain ditches to cover the additional expense of maintaining and keeping them in repair does not operate to invalidate said act.

**Appointment of Viewers.**

The provisions of said act directing the board of county commissioners to appoint viewers within a specified time must be deemed directory

---

[1]MARY J. BARBER v. BOARD OF COUNTY COMMISSIONERS OF FREEBORN COUNTY.

July 15, 1904.

Nos. 13,950—(143).

PER CURIAM.

This appeal involves the identical issues presented in McMillan v. Board of Co. Commrs. of Freeborn Co.; and for the reasons stated in the opinion filed therein, the order appealed from is reversed.

[2] Reported in 100 N. W. 384, 1125.

merely, and the neglect of the board strictly to comply with the terms thereof does not operate to invalidate said proceedings.

**·Notice of Appeal to Court.** ·

A notice of appeal, otherwise specific, directed to the board of county commissioners of a county, is sufficient in form, and, after bond filed, operates to perfect an appeal to the district court from an order of said board dismissing an application for the establishment and construction of drainage ditches made pursuant to chapter 258, p. 413, Laws 1901, as amended, and vests the district court with jurisdiction.

**Jurisdiction of District Court.**

The district court upon appeal is vested with jurisdiction to try all issues both of fact and law de novo.

Appeal by P. D. McMillan and others, from an order of the district court for Freeborn county, Kingsley, J., dismissing an appeal from an order of the board of county commissioners of said county denying the petition of Kenneth MacRae and others for establishment of a public drainage ditch. Reversed.

*Henry C. Belden* and *Morgan & Meighen,* for appellants.

It is our contention that the following propositions are well grounded: (1) That the act vests the commissioners with the power and charges them with the duty of determining whether the ditch shall be established, irrespective of any action taken or report made by the viewers, and that in such determination the commissioners exercise a quasi judicial function. (2) That it is entirely within the scope of the constitutional power of the legislature to provide that the court shall try de novo and finally determine on appeal all material questions that may be so submitted to the determination of the county commissioners in a quasi judicial capacity. State v. Board of Co. Commrs. of Polk Co., 87 Minn. 325; McGee v. Board of Co. Commrs. of Hennepin Co., 84 Minn. 472; Thompson v. County of Polk, 38 Minn. 130; Stone v. Little, 118 Wis. 388. (3) That upon the face of this act it is manifest that the legislature has delegated such power to and imposed such duty upon the court.

This act provides for an appeal from the determination of a judicial question by a quasi judicial tribunal to a judicial tribunal, and neither prescribes any course of procedure by, nor limits the power of, the appellate tribunal on such appeal. Hence it seems clear that the legisla-

ture actually intended that the right thus granted should be so construed as to give the parties appealing a judicial trial de novo upon all questions involved. Otherwise no substantial benefit could result from the appeal, because the court would be confined to the examination and correction of mere technical or formal errors of procedure by the county commissioners, and as this court well remarked in its decision in State v. Board of Co. Commrs. of Polk Co., supra, in determining another question under this act, "The regularity of the steps taken is of no very great importance." Independent of any special considerations pointing to such intent, the right of "appeal," given as in this act, implies the right of retrial de novo by the court to which the appeal is taken. The right of appeal from final judgments of inferior tribunals is one which ought not to be abridged by strict construction, but, on the contrary, should rather be extended, for the provisions of the statute conferring it are clearly remedial. Meehan v. Wiles, 93 Ind. 52.

*A. U. Mayland,* County Attorney, and *Dunn & Kantvold,* for respondent.

The drainage law in question (Laws 1901, c. 258, and amendments) is unconstitutional and void under both the federal and state constitutions. The general plan of this drainage law is to drain wet and marshy lands by the construction of ditches, and to assess the cost thereof against the lands benefited. Such assessment is necessarily made upon the theory of a permanent ditch that will run with the land and always be open and available, and perform the purposes and functions for which it was constructed. If the law in question stopped here it could be fairly urged that the landowner was neither better nor worse by reason of the construction of the ditch. But section 25 of the act of 1901 provides that, after the construction of any such work, the town supervisors of such township in which the same is, or any part thereof, shall keep the same, or such part thereof, in proper repair and free from obstructions, so as to answer its purpose, and pay for the same out of the general township fund. And to raise the necessary money to reimburse that fund they shall apportion and assess the cost thereof upon the lands which shall be benefited by such repairs or removal of obstructions, according to such benefits, in their judgment. They shall make a written statement of such assessments, and deliver the same to .

the auditor of the county, who shall put the same upon the succeeding tax duplicate, and it shall be a lien upon the lands, and be collected in the same manner as state and county taxes.

Now it will be seen that the benefited landowner is first assessed to the full extent of his benefits for the original construction of the ditch. He is then assessed from time to time to keep the ditch in repair and free from obstructions, and the only limit of this latter assessment is the extent of benefits which his land will derive from having the ditch repaired and the obstructions removed. And it will be further observed that the town supervisors are authorized to assess the cost of repairs and removal of obstructions against lands benefited thereby in their judgment. No provision is made for any hearing before the board of supervisors. No provision is made for appeal or trial of the issues, but on the contrary the board of supervisors can arbitrarily and on their own motion and their own guess fix the area of land to be benefited and the extent of benefits, and invoke the taxing power to compel the respective landowners to pay the same. Further argument on this question would seem out of place. Such a law cannot be sustained on constitutional grounds. The law cannot be sustained because it provides for a successive taking of property without just compensation, because there is no compensation whatever for all assessments subsequent to the first. It cannot be sustained because it is a taking of property without due process of law. It is not due process of law for the board of supervisors arbitrarily to levy assessments on the theory of benefits without notice or hearing to the interested landowners and without right to trial or appeal. Sears v. Street, 173 Mass. 350; Hammett v. Philadelphia, 65 Pa. St. 146; City v. Russell, 148 Pa. St. 384; Dietz v. City, 91 Wis. 422; Hanscom v. City, 11 Neb. 37; Donnelly v. Decker, 58 Wis. 461.

The only possible theory upon which this drainage law can be sustained is that it provides for a system of public drainage, for the public benefit and in the interest of public health and convenience. Such being the case, we submit that the general public by general taxation should bear the burden of maintaining the ditch and keeping it in repair. But it will be observed that no provision is made for maintaining and repairing the ditch, except by assessments levied against the benefited landowners. The law is unconstitutional and void as providing a

system of double taxation.    State v. District Court for St. Louis Co.,
66 Minn. 161;  State v. District Court of Ramsey Co., 75 Minn. 292.

DOUGLAS, J.

Appeal by owners of property affected from an order of the district
court of Freeborn county dismissing an appeal taken from an order of
the board of county commissioners of said county, by which order the
board refused to establish a certain ditch for drainage purposes.

In September, 1901, a petition signed by appellants and others was
filed with the county auditor of said county, initiating certain pro-
ceedings for the construction of a ditch under and by virtue of the au-
thority conferred by chapter 258, p. 413, Laws 1901, as amended by
chapter 38, p. 90, Laws 1902. Thereupon the county auditor and
board of county commissioners, with one exception, hereinafter noted,
duly complied with the provisions of said acts, with the result that,
after all intermediate steps had been taken and reports made, three
viewers were appointed by said board upon December 1, 1902, and,
after duly discharging the duties prescribed by said act, a majority
filed a report of their work and conclusions with the county auditor.

The board of county commissioners delayed the appointment of said
viewers a number of months after the report of the engineer was made.
This constituted the only irregularity in said proceedings, and it is
urged that by failing to comply with the provisions of the statute in this
particular, the said board lost jurisdiction.

A majority of said viewers estimated and reported the cost of con-
struction of the ditch and laterals in question, and the damages inflicted
thereby, to be the sum of $150,734.80, and the benefits thereof to be
$137,068.55;  and further reported the construction of said ditch and
laterals to be, in their opinion, impracticable. Pursuant to and after
due notice given, said county commissioners met in special session, and,
after hearing parties interested, adopted a resolution and order refusing
to establish and construct the ditch and denying said petition.

Under the rule repeatedly adopted and applied by this court in causes
involving a variety of subjects, we are of the opinion the provisions of
the act of 1901, as amended, directing the county commissioners to act
within a certain specified time, must be deemed directory merely, and
that the neglect of said board to appoint such viewers within the time

fixed by the act does not invalidate said proceedings. Kipp v. Dawson, 31 Minn. 373, 17 N. W. 961, 18 N. W. 96; Banning v. McManus, 51 Minn. 289, 53 N. W. 635; State v. West Duluth Land Co., 75 Minn. 456, 78 N. W. 115; State v. Meehan, 92 Minn. 283, 100 N. W. 6. The reasons for holding this class of enactments directory are summed up in Kipp v. Dawson, supra, as follows: "Where the provision of a statute as to the time when an act shall be done is intended merely for the guidance of public officers, so as to insure the orderly and prompt performance of public business, a disregard of which cannot injuriously affect the rights of parties interested, it will be deemed merely directory; but where it is intended for the protection of the citizen, and to prevent a sacrifice of his property, and is such that, by a disregard of it, his rights might be injuriously affected, it will be deemed mandatory."

The constitutionality of said act is challenged upon a ground which it is urged was not presented in State v. Board of Co. Commrs. of Polk Co., 87 Minn. 325, 92 N. W. 216, and State v. Crosby, 92 Minn. 176, 99 N. W. 636, in this: That after providing for an assessment against all property benefited to the full extent of benefits received from the construction of such ditch, the legislature, by section 25 of said chapter (Laws 1901, p. 427), attempted to place a further burden thereon by authorizing an additional assessment from time to time to cover the expense of maintaining and keeping such ditch in repair. We are of the opinion this additional burden may be deemed a necessary incident to the construction of the ditch. The power specially to assess is coextensive with the benefits received. It is a continuing one, and may be exercised to cover the expense of maintaining such an improvement. State v. District Court of Ramsey Co., 80 Minn. 293, 83 N. W. 183. All owners having been given an opportunity to question both the validity and amount of such assessment, not only before the board of county commissioners, but also in the court below upon appeal, or personal appearance, the authority to make an equitable assessment on the basis specifically provided by said act in our opinion does not authorize the taking of property without due process of law, and is not in violation of the provisions of the state or federal constitutions. Hagar v. Reclamation Dist., 111 U. S. 701, 4 Sup. Ct. 663; Cooley, Const. Lim. (5th Ed.) 432, 433; Kelly v. Minneapolis City, 57 Minn. 294, 59

N. W. 304; County of Redwood v. Winona & St. P. L. Co., 40 Minn. 512, 41 N. W. 465. For the reasons expressed in the Polk County case, supra, we adhere to the proposition that the legislature intended to provide exclusively for the public welfare, and that the act is valid, and does not authorize the taking of private property for other than a public purpose, or the prosecution of any proceeding in such a manner as to deprive a person of his property except by due process of law.

The notice of appeal to the district court is addressed to the board of county commissioners. It is not criticised as insufficient in other respects, and was duly filed in the office of the county auditor. Such appeal was taken by appellants under the fourth section of chapter 38, p. 93, Laws 1902, amending section 11, c. 258, p. 419, Laws 1901, which reads as follows:

> Any person or corporation aggrieved thereby may appeal from an order of the board of county commissioners made in the proceedings and entered upon their records determining either of the following matters: 1st. The amount of benefits to any tract of land or owner of any public or corporate road or railroad. 2nd. The amount of damage allowed to any person. * * * 3rd. Refusing to establish such proposed ditch.

We are of the opinion the trial court erred in holding this notice to be insufficient in form, and in dismissing the appeal. The proceedings were in rem, and the board had jurisdiction. By notice theretofore published, the owners of all real property affected were apprised that an application would be made to said board, at a time and place therein named, for an order establishing and providing for the construction of such ditch. Many parties appeared by counsel, and theoretically all owners of such lands were present. The proceedings were of a nature somewhat analogous to those involving the laying out of highways, or the construction of public improvements in cities, such as the laying of water mains and sewers, for which improvements the amount of the benefits is commonly assessed. Appeals in such proceedings, when authorized by statute, have, in our practice, been quite generally recognized without objection by the courts and the bar, and jurisdiction assumed to exist, in all cases where the notice (in other respects specific) was addressed to the board making the order appealed from. Ander-

son v. County of Meeker, 46 Minn. 237, 48 N. W. 1022; Friemark v. Rosenkrans, 81 Wis. 359, 51 N. W. 557. See Moede v. County of Stearns, 43 Minn. 312, 45 N. W. 435; People v. Jones, 110 N. Y. 509, 18 N. E. 432.

The issue at bar was a proceeding in rem, in which individuals were not, in name, parties. It involved the construction of a public improvement that either beneficially or injuriously affected certain property. Therefore the board acted in part in a representative capacity. While owners of property are vitally interested in such proceedings, it has never been customary in our practice to make them parties in name, except where they appear of record, or appeal from the decision of the board, or subsequently, in case of appeal by others, appear in court to protect their individual rights. In providing for an appeal from the decision of the board of county commissioners, the legislature (Laws 1902, p. 93, c. 38, § 4) used the following language:

> To render such appeal effectual the appellant shall file with the county auditor within and not after twenty days from the date such final order is issued, a notice of appeal, which shall briefly state the grounds upon which such appeal is taken accompanied by an appeal bond to the board of county commissioners with at least two freehold sureties, in an amount for not less than $250. * * * Within twenty days after such filing the auditor shall make a complete transcript of all the papers and proceedings on file and of record in his office, so far as the same pertain to the premises or matter on account of which the appeal is taken, together with the notice of appeal to the clerk of the district court.

We are of the opinion that the filing of the notice of appeal with the county auditor addressed to the board of county commissioners of said county, including the bond prescribed by said section, was sufficient, and operated to make such appeal effectual. The auditor having prepared and filed with the clerk of the district court a complete transcript of all papers and proceedings on file and of record in his office pertaining thereto, together with said notice of appeal, the district court acquired complete jurisdiction in the premises.

No provision having been made by law for further action by the

board of county commissioners, we are also of the opinion that the legislature must have intended to confer upon the court jurisdiction to try and determine de novo all the issues of fact and law originally presented to said board under such rules of practice and procedure as are adaptable to proceedings of a similar nature. It does not follow that every issue involved must be tried and determined before preliminary questions are disposed of. The nature of the proceedings suggests a complete segregation of the issues, as some are entirely dependent upon the result reached by the court upon others.

It therefore follows the order appealed from is reversed.