## L. F. BOWYER

*v.*

THE PEOPLE *ex rel.* John J. Hanberg, County Treasurer.

*Opinion filed February 21, 1906.*

1. TAXES—*the act curing invalid levies of county taxes is valid.* The act of 1905, (Laws of 1905, p. 359,) curing prior levies of county taxes where the county board had failed to specify the particular purposes for which the tax was levied, is valid. (*People* v. *Wisconsin Central Railroad Co.* 219 Ill. 94, followed.)

2. SAME—*county board not required to make tax levy on any particular day of September session.* A county board which meets on the first Monday of September may adjourn from time to time until all the business of such session is transacted, and may levy the county tax at any time during such session notwithstanding it extends beyond the month of September.

WRIT OF ERROR to the County Court of Cook county; the Hon. W. H. HINEBAUGH, Judge, presiding.

TAYLOR & MARTIN, for plaintiff in error.

HARRY A. LEWIS, County Attorney, WM. F. STRUCKMANN, and FRANK L. SHEPARD, for defendant in error.

Mr. JUSTICE HAND delivered the opinion of the court:

This is a writ of error sued out from this court to review a judgment of the county court of Cook county against certain lands of the plaintiff in error, located in that county, for the county tax levied in said county in the year 1904. Two grounds of reversal are urged in this court: (1) That the county board failed to specify in the resolution levying said county tax, the particular purposes for which said tax levy was made; (2) that said county tax was not levied by the county board at its September session, 1904.

*First*—It is conceded by the defendant in error that the tax, as levied, was invalid for the reason the county board failed to specify the particular purposes for which said tax

levy was made. It is, however, urged the defect in the tax levy was cured by the act of February 28, 1905. (Laws of 1905, p. 359.) The question here involved was considered by this court in the case of *People* v. *Wisconsin Central Railroad Co.* 219 Ill. 94, and it was there held that the curative act above referred to was a valid enactment, and that said defect in this and similar tax levies throughout the State was cured thereby. That case is decisive of the question here raised. The county court did not err in overruling plaintiff in error's first objection.

*Second*—The record shows that the county board of Cook county met on the first Monday of September, 1904, which was the 5th day of the month, and that it adjourned from time to time until the 29th day of November, 1904, when it determined the amount of the tax for 1904 to be raised for county purposes, made a tax levy thereof and filed the same with the county clerk. The statute provides (Hurd's Stat. 1903, sec. 61, p. 540,) said county board shall hold regular meetings on the first Mondays of December, January, February, March, June and September in each year, and that (Hurd's Stat. 1903, sec. 121, p. 1529,) it shall annually, at its September session, determine the amounts of all taxes to be raised for county purposes and make a tax levy therefor. The question here, therefore, presented for decision is, was the tax levy in question made at the September session, 1904, of the county board?

We think it clear the county board was not required to make said tax levy on the first or any other particular day of its September session, but that it might lawfully make said levy at any time during the September session, and that the county board had the right to adjourn from time to time until it had completed the business which lawfully might come before it at its September session, and that said tax levy was made on a regular day of the September session of 1904. Judge Dillon, in his work on Municipal Corporations, (vol. 1, sec. 237,) in speaking of the rights of a city

council, says: "A regular meeting, unless special provision is made to the contrary, may adjourn to a future fixed day, and at such meeting it will be lawful to transact any business which might have been transacted at the stated meeting of which it is but a continuation." And the author of the article on "Counties" in the Cyclopedia of Law and Procedure (vol. 11, p. 394,) says: "In the absence of any express provision to the contrary, when a county board is once lawfully convened, either in regular or special session, it may adjourn or take a recess to a subsequent day, or from day to day, until the business before it is finished;" and on page 396: "Ordinarily any business may be transacted at an adjourned meeting which might have been transacted at the meeting of which it is a continuation." And in *Chicago and Alton Railroad Co.* v. *People,* 190 Ill. 20, it was held that the board of town auditors was not bound to audit all claims upon the day upon which the statute provides it shall meet, but that it might adjourn from day to day, and that its meetings upon the several days to which it adjourned would be considered, in law, but one meeting.

In *Butterfield* v. *Treichler,* 113 Iowa, 328, the county board met in regular session on the 13th of November, and, having disposed of the business then before it, adjourned on November 15 until December 5 for the purpose of then canvassing the statements of consents to the sale of intoxicating liquors. When it re-convened on December 5 no consents had been filed, and it again adjourned until December 26, when a canvass of the consents on file was made. The court held that the adjourned meeting on December 26 was a continuation of the regular November session and that the canvass was made at the November session of the board.

In *Banning* v. *McManus,* 51 Minn. 289, the county board met in regular session on January 6 and continued in session until January 8, when it adjourned until January 14, on which day it designated the newspaper in which the delinquent tax list of the county should be published. The statute

provided that the county board should designate the newspaper in which the delinquent list should be paid, at its January or March meeting. The court held the county board acted at its January meeting at the time it designated the newspaper in which said delinquent tax list should be published. On page 291 it was said: "It is a general rule, applicable to all such bodies, that in the absence of any express provision to the contrary a regular meeting may be adjourned to a future day; and at such adjourned meeting it will be lawful to transact any business which might have been transacted at the stated meeting, of which it is, indeed, but the continuation."

In *Hull* v. *Winnebago County,* 54 Wis. 291, the statute gave the county board power, at its annual meeting in November, to determine the annual salary that should be received by the county treasurer, who was to be elected in the county during the ensuing year. The county board met November 13, 1877, and continued in session until November 28, when it adjourned until January 8, 1878. After a session of three days it adjourned until March 12, 1878, when the amount of the county treasurer's salary to be elected in November, 1878, was fixed. The court held the salary was fixed at the November, 1877, annual meeting of the county board. On page 294 it was said: "The board was required to fix the salary some time during the November session. This it did do in the present case. The annual meeting was continued by regular adjournments to March, when the action was taken and the salary fixed."

The holding of the county court that the tax levy of said county court made on the 29th day of November was made at the September session, 1904, of the county board was correct, and therefore it properly overruled the second objection of the plaintiff in error.

The judgment of the county court will be affirmed.

*Judgment affirmed.*