## IN THE MATTER OF RED LAKE DRAINAGE AND CONSERVANCY DISTRICT.
## PENNINGTON COUNTY v. RED LAKE DRAINAGE AND CONSERVANCY DISTRICT.[1]

February 2, 1923.

No. 23,361.

**Local drainage districts authorized.**

1. Legislative authority to provide for the drainage and reclamation of swamp lands and the prevention of floods may be exercised by the creation of local drainage districts.

**Delegation of power to such districts valid.**

2. The delegation to such districts of the power to inaugurate and control systems of drainage and reclamation within their boundaries, and to assess the cost of the same against the property benefited thereby, is valid.

**Selection of officers.**

3. The power to organize drainage districts is referable to the same source as the drainage power generally, and the manner in which the officers of a drainage district shall be selected rests entirely in the discretion of the legislature.

**Grant of preliminary funds by court.**

4. Chapter 13 (Ex. Sess.) 1919, as amended by chapter 325, Laws

[1]Reported in 192 N. W. 184.

of 1921, construed and *held* to authorize the court to grant additional preliminary funds, in such amounts as may be proper, not exceeding in the aggregate $20,000 for any one district, to districts organized before as well as subsequent to the amendment of the statute.

Upon the relation of the county of Pennington the supreme court granted its writ of certiorari, directed to the district court for Pennington county, to review an order of that court, Grindeland, J., providing for the payment into the treasury of Red Lake Drainage and Conservancy District of certain additional moneys to a preliminary fund. Affirmed.

*Theodore Quale,* County Attorney, for relator.

*Charles E. Boughton,* for respondent.

QUINN, J.

Certiorari to review the procedure had in the district court of Pennington county to determine the validity of an order of that court creating a second preliminary fund for the use of the board of directors of the Red Lake Drainage and Conservancy District organized in 1920, under chapter 13, p. 11, Laws of Minnesota, enacted at the extra session of the legislature in 1919.

This district comprises all of Red Lake county and parts of Pennington, Marshall, Polk, Clearwater and Beltrami counties and embraces the entire drainage area of Red Lake, Red Lake river and its tributaries, including Clearwater river; the purpose being to facilitate drainage and control flood waters.

In July, 1920, the court upon a proper petition made and filed an order establishing a preliminary fund of $5,000 for the district. The money therefor was advanced by the several counties in accordance with the statute and order of the court. No assessment was made upon the lands in the district to repay the counties for the moneys so advanced. The entire fund was expended for preliminary work on proposed improvements. The amount of the fund was the maximum allowed by the statute. Had the statute remained unchanged, no further petition for an additional fund could have been granted by the court.

Section 28, p. 28, of chapter 13 referred to was amended by chapter 325, p. 465, Laws of 1921, so as to increase the maximum amount of such funds to $20,000, and, instead of such funds being for the entire district, the amendment contemplates a fund for each proposed improvement and provides that such funds may be asked for in the petition for the improvement, if deemed necessary, or in a separate petition subsequently filed; such funds not to exceed in the aggregate the sum of $20,000. The statute further provides that the moneys shall be advanced by the several counties as directed by the order of the court, and that the same shall be charged to the district and shall be repaid to the counties as soon as the district has funds sufficient for that purpose. It also provides that an assessment may be made upon the lands affected for the purpose of repaying such advancements. It further provides that an account of all expenses paid from such fund shall be kept and the amount thereof included as costs of the construction of the particular improvement, and that the same shall be repaid to the general preliminary fund and used for further similar proposed improvements.

In August, 1922, the board of directors presented to the court the petition now under consideration, which was in due form and properly signed, asking for an additional preliminary fund of $10,000 to be used for preliminary work as follows: $5,000 upon a proposed Clearwater river project and a like amount upon a proposed Red Lake river project, each of which was duly petitioned for. Upon hearing, the court made and filed its order allowing the petition and granting the funds asked for and fixing Pennington county's proportion to be advanced at $2,671. On December 7, 1922, Pennington county procured a writ of certiorari for the purpose of having the record inspected and the validity or invalidity of the order establishing such funds determined.

It is well settled by the decisions that legislative authority to provide for the drainage and reclamation of swamp lands and the prevention of floods may be exercised by the creation of local drainage districts and the delegation to such districts of power to inaugurate and control systems of drainage and reclamation within their boundaries and to assess the costs against the lands benefited

thereby. McMillan v. Board of Co. Commrs. of Freeborn County, 93 Minn. 16, 100 N. W. 384, 1125; State v. George, 123 Minn. 59, 142 N. W. 945; 9 R. C. L. 642. See note Ann. Cas. 1915C, 9.

The power to organize drainage districts is referable to the same source as the drainage power generally and the manner in which the officers of a drainage district are chosen rests entirely with the legislature. See cases cited in note Ann. Cas. 1915C, 29; Mittman v. Farmer, 162 Iowa, 364, 142 N. W. 991, Ann. Cas. 1915C, 1. The power of the legislature to provide for the organization of such districts is so well recognized by the authorities cited as to require no further discussion here.

The relator urges that chapter 13, of the Laws of 1919, permits but one preliminary fund, the maximum of which is $5,000, and that chapter 325, p. 465, Laws of 1921, is not retroactive and does not apply to the case under consideration. We think a careful reading of chapter 13, as amended by chapter 325, leads to the inevitable conclusion that the power of the court to grant additional funds for preliminary work was extended and applies to districts organized prior to the adoption of the amendment, as well as to those subsequently incorporated.

The act as amended contemplates a preliminary fund for each proposed improvement in such sum as appears to the court necessary; the purpose being that the amount paid from the fund for preliminary work shall be treated as a part of the cost and assessed against the property benefited thereby, and when collected covered back into the general preliminary fund and used for similar work upon other proposed improvements. The drainage district embraces a vast extent of territory, and there undoubtedly will be many proposed improvements in the way of separate projects, and we see no particular objection, legal or otherwise, to the general plan provided by the statute; nor does the creation of a preliminary fund in the manner provided appear to be objectionable. Each preliminary fund is created, in the first instance, by an advancement from the several counties, and the counties may be reimbursed for the moneys advanced to such fund by an assessment upon the property of the district when so petitioned for by the board of directors and

directed by the court and the amount paid from such fund to each particular improvement is repaid from the assessment for benefits on account of such improvement.

We are of the opinion and hold that the order of the district court creating the preliminary funds complained of, was authorized by the statute and is valid.

Affirmed.