MEYERS, Appellant, v. COLEMAN, Sheriff, Respondent.

(192 N. W. 184.)

(File No. 5148. Opinion filed February 20, 1923.)

1. **Exemptions—Claim of Exemption—Wife May Claim Exemption, Where Husband Fails To Do So.**

   Where a husband fails to assert his right to exemption, his wife may make such claim.

2. **Exemptions—Mandamus—Claim of Exemptions—Claim of Exemption Within 22 Days From Date of Levy Made Within Reasonable Time.**

   A claim of exemption, by the wife when husband has failed to make claim, within 22 days from the date of the levy, under execution, was made within a reasonable time, and entitled her to writ of mandamus requiring the sheriff to restore the property seized.

Appeal from Circuit Court, Tripp County; Hon. N. D. Burch, Judge.

Manadamus by Lillian Meyers against Thomas Coleman, Sheriff of Tripp County. Judgment for defendant, and relator appeals. Reversed, with directions to issue peremptory writ.

*W. J. Hooper,* of Gregory, for Appellant.

*Buffington & Prchal,* of Dallas, for Respondent.

Appellant cited: Chesney v. Francisco, 12 Neb. 626, 12 N. W. 94; Robinson v. Hughes (Ind. Sup.), 20 N. E. 220; Rice v. Nolan, 33 Kan. 28, 5 Pac. 437; Daniels v. Hamilton, 52 Ala. 108; Thompson on Homestead & Exemptions, 809; U. S. Fidelity &

Guaranty Co. v. Hollenshead ('Wash.), 98 Pac. 749; Boylston v. Rankin (Ala.), 21 So. 995; Stout v. Price, 56 N. E. 857; Commonwealth v. Burnette, 44 So. 960; Hartman v. Wood, 67 N. Y. S. 1046; State v. Allen, 35 S. E. 990; Noyes v. Belding, 5 S. D. 603; State v. Emmerson, 74 Mo. 607.

Respondent cited: Noyes et al v. Belding et al, 5 S. D. 603; Meyer v. Beaver, 9 S. D. 168; First National Bank v. Lee, 141 N. W. 716; Angell v. Johnson, 2 N. W. 387; Moffitt v. Adams, 14 N. W. 88; Zielke v. Morgan, 7 N. W. 283.

DILLON, J.  The sole question before this court: Was the claim for exemption on the part of the wife made within a reasonable time?

[1, 2]  The husband having failed to assert the right, the wife was entitled to make such claim.  She made it within 22 days from the date of the levy.  We hold that the claim was made within a reasonable time.

On the authority of Goodland v. Smejkal ('S. D.), 190 N. W. 1017, this cause is reversed, with directions that the peremptory writ of mandamus be issued, requiring the sheriff to restore to the relator the property claimed as exempt.

Note—Reported in 192 N. W. 184. See American Key-Numbered Digest, (1) Exemptions, Key-No. 118, 25 C. J. Sec. 232; 11 R. C. L. 547; (2) Exemptions, Key-No. 119(1), 25 C. J. Secs. 235-240.