## ADVISORY OPINION TO THE GOVERNOR

23 So. (2nd) 158
August 30, 1945

June Term, 1945
En Banc

Honorable Millard F. Caldwell,
Governor of Florida,
Tallahassee, Florida.

Dear Governor:

We have for consideration and reply your letter of August 9, 1945, as follows:

"To the Honorable Chief Justice and Justices of
the Supreme Court of the State of Florida,
Tallahassee, Florida.

"Gentlemen:

"Section 1 of Chapter 22418, Special Laws of Florida, 1943, provides for the appointment by the Governor of the Board of Commissioners of Overseas Road and Toll Bridge District to consist of five members, each of whom shall be qualified registered voters of Monroe County, Florida.

"The commissions of the former members of this Commission have expired and it is now incumbent upon me, pursuant to the requirements of the above mentioned Act, to appoint a new Commission.

"Availing myself of the privilege granted by Section 13 of Article IV of the Constitution, I have the honor to request your written opinion upon the following question:

"1. As to whether or not I, as Governor, am confined in the appointment of the members of the Board of Commissioners of Overseas Road and Toll Bridge District to qualified registered voters of Monroe County, Florida, or whether said members may be appointed from a county or counties other than Monroe County.

"The above question is propounded in view of the apparent limitation set by the Legislature on the eligibility of the members to be appointed thereby leaving the Governor without discretion in this regard. Such limitation is apparently contrary to the decision of this court in the case of State versus Thompson reported in 163 Southern 283, and because of this your opinion is respectfully requested.

Sincerely,

MILLARD F. CALDWELL,
Governor."

Pursuant to Section 13 of Article IV of the Constitution of Florida an opinion of the Justices of the Supreme Court of Florida is sought by you effecting your Executive power and duties as to the appointment of members to the Board of Commissioners of Overseas Road and Toll Bridge District created and established by Chapter 16598, Special Acts of 1933, Laws of Florida, as amended by Chap. 22418, Special Acts of 1943, Laws of Florida.

Subsection (c) of Section 1 of Chapter 22418, *supra,* makes it the Executive duty of the. Governor of Florida to appoint members to the Board of Commissioners of Overseas Road and Toll Bridge District. Subsection (b), *supra,* provides that the Board of Commissioners so appointed shall consist of five members, "who shall be qualified registered voters of Monroe County, State of Florida." In the exercise of the Executive power of appointment conferred by the above statute you pose the question whether you, as Governor of Florida, may appoint to this Board of Commissioners members now residing in a County or Counties other than the County of Monroe.

It is not disputed that the "Overseas Road and Toll Bridge District" in its entirety is situated in Monroe County. See Section 1 of Chapter 16598, *supra.* Prior to the enactment of Chapter 22418, Acts of 1943, the Governor was authorized to appoint members to the Board of Commissioners from among the "citizens and residents of the State of Florida." See Subsection (b) of Section 2 of Chapter 16598, supra. Careful consideration has been given to the case of State ex rel. Landis v. Thompson, 120 Fla. 860, 163 So. 270, cited by you, and it is our conclusion that it is not applicable here.

Section 13 of Chapter 5384 Acts of 1905, Laws of Florida (commonly known as the Buckman Act) made it the Executive duty of the Governor to appoint to the Board of Control five citizens of the State of Florida, one from East Florida, one from South Florida, one from West Florida, one from Middle Florida and one from Middle South Florida, "who shall have been residents and citizens thereof for a period of at least ten years, prior to. their appointment, who shall be appointed by the governor. . . . No member of said first Board shall be appointed from any County in which any of

the institutions named in this act are at present located, and no appointment upon such Board shall ever be made from any County in which any institution created, established or maintained by this act is or may hereafter be located or situate."

We sustained the Constitutionality of Section 13 *supra* in the case of State ex rel. Moodie et al. v. Bryan et al., 50 Fla. 293, 39 So. 929, and in part said: "The qualifications and exclusions mentioned in the Act relate, not to classes of persons, but to place and length of residence, and they do not in effect make the appointment to the office in question a legislative appointment; but, on the other hand, in compliance with the Constitutional provision cited, such appointment is required to be made by the Governor, whose discretion of choice is not limited, except as to reasonable and salutary requisites as to place and length of residence of persons to be appointed. See Westlake v. Merritt, 85 Fla. 28, 95 So. 662; See State ex rel. Buford, Attorney General v. Daniel, 87 Fla. 270, 99 So. 804; State ex rel. Buford, Attorney General v. Smith, 88 Fla. 151, 101 So. 350.

In the case of State v. Ocean Shore Improvement District, 116 Fla. 284, 156 So. 433, we held that a taxing district was not covered by the provisions of the Constitution requiring that all officers be elected by the people or appointed by the Governor but the Legislature had the power to prescribe the manner of designation and qualification of the officials of the taxing district. The qualifications of officers of an improvement district are matters which rest entirely within the discretion of the Legislature and the enacted statute usually is controlling. See 17 Am. Jur. par. 27 p. 794.

The qualifications of drainage Commissioners are such as are prescribed by statute. See 28 C.J.S. pages 255 and 257, 9 R. C. L. par. 38, pages 648-9; Memaha Valey Drainage District v. Marconnit, 90 Neb. 514, 134, N. W. 177; In re Red Lake Drainage and Conservancy District, 154 Minn. 442, 192 N. W. 184; Mittman v. Farmer, 162 Iowa 364, 142 N. W. 991, 1915 C Ann. Cas. page 1 and annotations at page 29.

It is our conclusion that subsection (b) of Section 1 of Chapter 22418, Special Acts of 1943, is a valid and controlling

statute. We therefore advise that it is your Executive duty to appoint members of the Board of Commissioners of Overseas Road and Toll Bridge District, who are each qualified registered voters of Monroe County.

Very respectfully,

ROY H. CHAPMAN

Chief Justice

GLENN TERRELL

RIVERS BUFORD

ALTO ADAMS

H. L. SEBRING

Justices of Supreme Court of Florida.