FRANK H. DARBY v. THE CITY OF WILMINGTON.

*Statute — Construction of.*

1. Although a statute may be unconstitutional in part and constitutional in part, yet where only one object is aimed at and the same is unconstitutional and all the provisions are contributory to it and would not have been enacted but for the main object, the whole statute is void.

2. *Therefore,* where the plaintiff acted as registrar of voters preliminary to an election held under Ch. 43, Private Laws 1874–'5, "An Act to amend the Charter of the City of Wilmington," which Act is unconstitutional, he cannot recover the value of his services in an action against the city.

(*Van Bokkelen* v. *Canaday*, 73 N. C. 198, cited and approved.)

CIVIL ACTION tried at Chambers on the 18th of October, 1875, before *McKoy, J.*

The plaintiff was one of the Registrars of voters at the election which was authorized to be held in defendant city, under § 8, Ch. 43, Private Laws 1874–'5, and performed the duties required    He brought this action in a Justice's Court for

compensation allowed by § 9, of said Act and the Justice dismissed the action on the ground that said Act was wholly unconstitutional. The plaintiff appealed to the Judge of the District who reversed the decision of the Justice of the Peace and gave judgment that the plaintiff recover the sum of twenty-five dollars and costs. Defendant appealed.

*Mr. E. G. Haywood,* for the plaintiff.

The plaintiff has the right to be paid for his services, notwithstanding some parts of the Act of 1874–'5, are unconstitutional. *Van Bokkelen* v. *Canaday,* 73 N. C. 198. Yet so much thereof as provides for the payment of such officers as the plaintiff is valid and binding upon the city. *Cooley on Const. Lim.,* pp. 177–181–211 ; *People* v. *Bradley,* 64 Barb (N. Y.) 229 ; *Nelson* v. *Milford,* 7 Pick. 18 ; *Bancroft* v. *Linfield,* 18 Pick. 568, and *Guilford* v. *Supervisors,* 13 N. Y. 143.

*Mr. D. L. Russell,* for the defendant.

READE, J. By an Act of the General Assembly, ratified February 3, 1875, entitled "An Act to amend the charter of the city of Wilmington," it was enacted that the city should be divided into three wards, &c., and that there should be an election for Aldermen ; and that preliminary thereto, there should be a registration of those who were to vote at said election and the plaintiff was one of the Registrars named in the Act and he performed all the duties of Registrar required of him by said Act and the election was held. That was the scope of the Act Its only object was to provide for and to accomplish said election.

In the case of *Van Bokkelen* v. *Canaday,* 73 N. C., 198, this Court decided that the said Act and the election held under it were unconstitutional and void.

The plaintiff brings this action to recover the value of his services, not against the State which ordered him to per-

form them, but against the city which repudiated them and never authorized them and never had any benefit from them.

The position taken by the plaintiff is that all of an Act is not necessarily unconstitutional because a portion of it is; and that while the Legislature had no power to lay off the city into wards and to order an election for Aldermen, yet it had the power to order a registration of voters for the election, and to appoint the plaintiff Registrar, and therefore he is entitled to compensation for the services which he rendered.

It is true that a statute may be unconstitutional in part and constitutional in part, where it relates to different subjects, or even where it relates to but one subject if its parts can be separated and the object accomplished without the objectionable features ; but where only one object is aimed at and the main object is unconstitutional and all the provisions are contributory to it and would not have been enacted but for the main object, then the whole is void. Cooly, in his Const. Lim , 178–9, states the distinction very clearly. as follows :   "Where a part of a statute is unconstitutional, that part does not authorize the Courts to declare the remainder void also, unless all the provisions are connected in subject matter depending on each other, operating together for the same purpose ; or otherwise so connected together in meaning, that it cannot be presumed that the Legislature would have passed the one without the other."

Now as already stated, the election was void ; the registration was connected with and only necessary to the election and would not have been ordered but for the election, therefore the registration was void   Indeed. it was expressly decided, that even if the election had been otherwise valid, yet the registration was invalid

The conclusion is, that inasmuch as the defendant never employed the plaintiff to render the services and never re-

ceived any benefit from them and inasmuch as the services
were in furtherance of an unlawful object, the plaintiff is not
entitled to recover of the defendant.

Whether he is entitled to recover of the State, is not be-
fore us.

There is error. Judgment reversed, and judgment here-
for defendant.

PER CURIAM.                        Judgment reversed.