TOM DONALD, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. A plea in abatement, to an indictment for murder, that the indictment was found upon the assent and concurrence of only eight of the grand jurors is good, and it is error to sustain a demurrer thereto, notwithstanding the provision of Section five of the act of June 6th, 1891 (Section 2802 Revised Statutes), that eight of the grand jury may find an indictment; such provision of the stated section being void under Section ten of the Declaration of Rights, Constitution of 1885.   At least twelve grand jurors must concur in an indictment.

2. The fifth section of the act of June 6th, 1891, relating to jurors (Section 2802 Revised Statutes), is valid in so far as it provides that grand juries shall consist of twelve persons.

Writ of error to the Circuit Court for Gadsden county.

The facts in the case are stated in the opinion of the court.

*Benj. L. Liddon* for Plaintiff in Error.

*The Attorney-General* for Defendant in Error.

RANEY, C. J.:

The plaintiff in error was indicted on April 16th, 1892, at the Spring term of Gadsden Circuit Court, for murder in the first degree, for killing W. P. Bussey, and on being arraigned on the twenty-second day of the same month, he pleaded in abatement of the indictment that it "was found upon the assent of only eight grand jurors, and that only eight grand jurors concurred in the finding of said indictment." To this plea the State demurred on the ground that eight grand jurors were sufficient under its laws to find an indictment, and the defendant joined in the demurrer, and thereupon the defendant pleaded not guilty, and there was a mistrial and the jury were discharged. At the next, or Fall, term, 1892, the cause was tried, the jury returning a verdict of guilty, with a recommendation of mercy, and thereupon the court sentenced the prisoner to confinement in the State prison during his natural life; to which sentence or judgment the prisoner has taken a writ of error.

The fifth section of an act relating to jurors, approved June 8th, 1891 (Chapter 4015), reads as follows:

Every grand jury shall consist of twelve persons, and the assent of eight of them shall be necessary to the finding of indictments." The question arising is that of the validity of this statute in so far as it authorizes an indictment upon the concurrence of eight members of the grand jury, in view of the guaranty of our Con-

Tom Donald v. The State of Florida.—Opinion of Court.

stitution, that *"no person shall be tried for a capital crime or other felony unless on presentment or indictment by a grand jury*, except as is otherwise provided in this Constitution, and except in cases of impeachment, and in cases in the militia when in active service in time of war, or which the State, with the consent of Congress, may keep in time of peace." Section 10 Declaration of Rights, Constitution of 1885.

The clauses of the organic law which are within the terms: "Otherwise provided by this Constitution," are those relating to prosecutions in the Criminal Courts of Record, which courts, whenever established, have jurisdiction of all criminal cases not capital, and prosecutions in them are by information. (Sections 24–28, Art. V). No such court has been established in Gadsden county, and, this being so, the case at bar, considered independently of its capital nature, is, if for no other reason, not within any of the exceptions of the quoted section of the Declaration of Rights. Misdemeanors might in 1892, and may now, under the act of February, 1877 (McClellan's Digest, section 4, p. 442, Rev. Stat., section 2887), be prosecuted in the Circuit Courts upon informations filed by the State attorneys (King vs. State, 17 Fla., 183) ; but no felony could then, or can now, be tried in such courts except upon indictment found by a grand jury. Rev. Stat., section 2887. The 38th section of Article V of the Constitution,

which ordains that the number of jurors for the trial of causes in any court may be fixed by law, does not relate to grand juries.

That by the common law, at least twelve jurors were necessary to constitute a grand jury, and that the concurrence of the same number in finding an indictment was also essential to the validity of the indictment, we do not doubt; nor are we less satisfied that the purpose and effect of the provision set out above from the Declaration of Rights was to preserve this essential of a grand jury and of the validity of an indictment for a capital crime or other felony. In view of what is said on these points in the opinion in the case of English vs. State, filed cotemporaneously with this, it is unnecessary to do more than announce the above conclusions, which are fully sustained by the reasoning of that opinion and the authorities cited therein. See also Bishop's Crim. Pro., sections 854, 855 ; Sherlock vs. Mayor of Jacksonville, 17 Fla., 93.

With the conclusion, which is also reached in the case of English vs. State, *supra*, that the invalidity of the clause of the fifth section of the act of 1891, that the assent of eight of a grand jury shall be necessary to the finding of indictments, does not impair the provision of the act that the grand jury shall consist of twelve, we are also satisfied.

The act is one "relating to jurors." Its first section prescribes certain qualifications for jurors, and the second provides for the selection from the regis-

tration lists by the County Commissioners annually, persons of approved integrity, fair character, sound judgment and intelligence, and for the recording · of such lists. The third section directs that the name of each person so selected shall be written on a separate piece of paper and all of them be placed in a box by the clerk, and that before each term of the court there shall be drawn from such box the names of. *twelve* · persons to serve as grand jurors at such court, and twelve to serve as petit jurors; and when the court continues more than one week, twelve names are to be drawn each week for the succeeding week. The fourth section prescribes other regulations as to drawing the names, and the 'fifth section is, as stated above, that every grand jury shall consist of twelve persons, and the assent of eight of them shall be necessary to the finding of indictments.

The legislative intent, that the grand jury shall not consist of more than twelve is shown by the third as well as the fifth section, and we are inclined to the view that if we should strike out the fifth section entirely, the result, considering the constitutional guaranty of at least twelve jurors, would be that the grand jury would consist of twelve and no more. The distribution of statutes into sections is, however, purely artificial, and in determining whether the valid parts can remain operative notwithstanding the unconstitutional parts, the point is not whether they are contained in the same section, but whether they are essentially and inseparably connected in substance, or

are so interdependent that the Legislature would not have enacted one without the other. The act is a revision of the former law on the same subject. It adds a new qualification to jurors, reduces the number to be drawn from the box for both grand and petit jurors, and the number of the grand jury, as well as making other changes not necessary to be noticed. There is no essential and inseparable connection between the void clause and any of the others. The reduction of the number was not made for the purpose of authorizing eight of them to find an indictment; the void clause does not pretend to provide that twelve may not do so, nor does it or any part of the statute indicate that such clause was the inducement to the reduction of the number of the grand jury. Providing that a concurrence of a certain number of the whole might do what the concurrence of the whole could, is not of itself evidence that the whole or entirety would not have been constituted as it was without the provision as to a concurrence of less than all. Of course, it has not been provided that less than twelve can constitute a grand jury. The meaning of the terms of the section is simply that the grand jury shall consist of twelve jurors, and that eight of them may find an indictment; and we do not see how it can be said, either that it can not be presumed that the Legislature would not have passed one clause without the other, or that the good and bad parts can not be separated. If the void clause affects that part of the same section regulating the number of the grand jury, it must also impair that clause of the third section which directs that

only twelve grand jurors shall be drawn. Reduction
was one of the several objects of the statute, but is not
of itself, nor does the act show its adoption to have
been dependent upon the void clause. All the valid
portions of the statute can stand and be enforced with-
out and independent of the defective clause and
should, in our judgment, be enforced. Cooley's Con.
Lim., m. p. 177 *et seq.;* State *ex rel.* vs. Brown, 19
Fla., 563; State *ex rel.* vs. J., T. & K. W. Ry. Co.,
20 Fla., 616; *Ex parte* Wells, 21 Fla., 280; Hunting-
ton vs. Worthen, 120 U. S., 97; State vs. Barker, 107
N. C., 913, s. c. L. R. A., Book 10, p. 50; Fayette
Co. vs. Peoples & Drovers Bank (Ohio), L. R. A.,
Book 10, p. 196. The case is distinguishable from
those of State *ex rel.* vs. Lake, 18 Fla., 256; State *ex
rel.* vs. Deal, 24 Fla., 293, 4 South. Rep., 899; and it
can not be said, as in Spraigue vs. Thompson, 118 U.
S., 90, that it results from our conclusion that the Leg-
islature is made to enact what it never meant, or that
it confers upon the statute an operation beyond the
legislative intent, or beyond what any one can say it
would have enacted had the invalid part been valid;
nor is it a case where the act is void as to its main ob-
ject, and contributory provisions consequently fall
with it, as in Darby vs. Wilmington, 76 N. C., 133. It
is also distinguishable from the decision in Campau
vs. Detroit, 14 Mich., 276, where it is evident the pur-
pose in authorizing the summoning of twelve jurors
was that there should be that number from which to
select six impartial persons, whereas here only twelve

are drawn for a grand jury of twelve, and in case any of them are found disqualified, or for other causes can not act, their places are supplied under other provisions of law.

A plea in abatement was the proper means for presenting the objection. This must be regarded as settled law here, notwithstanding a contrary view may obtain elsewhere. Kitrol vs. State, 9 Fla., 9 ; Gladden vs. State, 13 Fla., 623, 630 ; Burroughs vs. State, 17 Fla., 643; *Ex parte* Warris, 28 Fla., 371, 9 South. Rep., 718. See also McQuillin vs. State, 8 Smedes & M., 587, and note (a) to Commonwealth vs. Smith, 9 Mass., 110, and State vs. Symonds, 36 Maine, 128.

It is unnecessary to notice other assignments of error. The judgment will be reversed and the cause remanded for proceedings not inconsistent with this opinion. Judgment accordingly.