LUELLA WESTLAKE, *Plaintiff in Error*, v. R. E. MERRITT, SHERIFF OF DUVAL COUNTY, FLORIDA, *Defendant in Error*.

Opinion Filed January 10, 1923.

1. A statute that attempts to restrict the appointing power of the Government by limiting his choice to certain persons to be selected by some other person or persons, is unconstitutional and void, as an infringement upon his exclusive constitutional right of appointment.

2. A statute that purports to lodge the appointing power of certain officials in the Governor, but attempts to limit his constitutional prerogative, by vesting in an association of persons the right to confine the Governor in his appointment to three out of ten persons to be recommended by the association, is a limitation upon the appointing power of the Governor, and is unconstitutional and void.

A Writ of Error to the Circuit Court of Duval County; George Couper Gibbs, Judge.

Judgment reversed.

*George C. Bedell,* for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *Marvin C. McIntosh,* Assistant, for Defendant in Error.

BROWNE, J.—The plaintiff in error, Luella Westlake, was arrested in Duval county, Florida, charged with practicing Chiropractic without having first obtained a certificate from the Florida Board of Chiropractic Examiners, contrary to the provisions of Chapter 7821, Laws of Florida, Acts of 1919.

The petition attacks the constitutionality of Chapter 7821, alleging that it is in violation of Sections 25 and 27 of Article 3 of the Constitution of Florida.

A demurrer to the petition was sustained, and the constitutionality of the act upheld and the prisoner remanded to custody of the Sheriff of Duval County.

The case is before this court on writ of error.

Section 1 of the Act provides for the creation of "The Florida State Board of Chiropractic Examiners," and defines their qualifications.

Section 2 provides: "The members of said Board shall be appointed by the Governor from a list of at least ten to be recommended by the Florida Chiropractors Association, and said appointments shall be made as soon as practicable after this Act becomes a law."

Section 27 of Article 3 of the Constitution of Florida ordains that "The legislature shall provide for the election by the people or appointment by the Governor of all state and county officers not otherwise provided for by this constitution, and fix by law their duties and compensation."

The members of the Board of Examiners are officers under the decisions of this court. See State *ex rel.* Clyatt v. Hocker, 39 Fla. 477, 23 South. Rep. 721. The act does not provide for their election. It pretends to lodge the appointing power with the Governor, but seeks to limit his constitutional prerogative by vesting in the Florida Chiropractors Association the right to confine the Governor in his appointments to three out of ten persons to be recommended by them. To a certain degree, this empowers the Florida Chiropractors Association to share with the Governor the appointing power, which is lodged solely in him by the Constitution.

If the act required the Governor to appoint any three persons recommended to him by the Association, it is palpable that the appointing power would be exercised by the Association and not by the Governor who would merely ratify their selections. If the legislature had power to limit the Governor in the exercise of his appointing power to ten persons recommended by the Association, it could as well limit him to three. The fact that ten instead of three is the number designated by the legislature, in no way affects the principle, and is a matter of degree only.

It is apparent that the appointing power of the Governor would be limited and controlled by the Florida Chiropractors Association, and an appointment made by the Governor under such circumstances would be merely the ratification or confirmation of certain selections made by the Association, and not an exercise by the Governor of his exclusive constitutional right of appointment.

The unconstitutionality of the attempted limitation upon the appointive power of the Governor is made more obvious by applying the same limitation to officers to be elected by the people.

Would the act have been constitutional if the legislature had made the members of the Board of Chiropractic Examiners elective, and limited those to be voted for to ten or three persons to be selected by the Chiropractors' Association? Obviously not, and there is no more warrant for placing such a restriction upon the appointive power of the Governor, than on the elective power of the people, both being in the same sentence in Section 27 of Article 3 of the Constitution.

Chapter 7821 regulating the practice of Chiropractic relates to the duties and powers of the Board of Chiropractic Examiners, and the penalties provided for in the law are for acts, the criminality of which depends upon the validity of Sec. 2. Without this section, there is nothing for the other provisions of the act to be operative upon. It follows, therefore, that Sec. 2 being unconstitutional, the entire act must fall.

In view of our decision that Section 2 is in violation of Sec. 27 of Art. 3 of the Constitution, it is unnecessary to decide if it is violative of Sec. 25 of Article 3.

The judgment is reversed and the prisoner will be discharged.

TAYLOR, C. J., AND WHITFIELD, J., concur.

ELLIS AND WEST, JJ., dissent.

WHITFIELD, J., concurring.

Section 27, Article III of the State Constitution was not referred to or considered in Rasmussen v. Tippins, 83 Fla. 530, 91 South. Rep. 560, in which case the constitutionality of Chapter 7821, Acts of 1919, was challenged upon other specified grounds.

The general provision of Article II of the State Constitution that the powers of government shall be divided into three departments and that no person properly belonging to one of the departments shall exercise any power appertaining to either of the others, except in cases expressly provided for by the constitution, may not make the appointment of officers an exclusively executive power or function; and unless other organic provisions control the legislative department may exercise itself or authorize officers of either of the other departments to exercise the power to appoint statutory officers and may make such authority restrictive or absolute, within organic limitations. See 12 C. J. 898, Sec. 402; Ingard v. Barker, 27 Idaho 124, 147 Pac. Rep. 293; Richardson v. Young, 122 Tenn. 471, 125 S. W. Rep. 664; Little v. Willimon, 103 S. C. 50, 87 S. E. Rep. 435. But where the constitution in express terms confers upon the Governor the power to appoint all officers that may be appointed and are not otherwise provided for by the constitution or by laws made pursuant to constitutional authority on the particular subject, the legislature cannot directly or indirectly or under the guise of prescribing qualifications, limit or encroach upon the power of the Governor to appoint officers to fill statutory offices by designating other authority to participate in selecting or in hampering the exercise of executive judgment in making selections for appointment to office. See State v. Washburn, 167 Mo. 680, 67 S. W. Rep. 592, 90 Am. St. Rep. 430; State ex rel. Harvey v. Wright, 251 Mo. 325, 158 S. W. Rep. 823, Ann. Cas. 1915A 588. If the statute is invalid the Governor alone appoints under the Missouri constitution. Sec. 11, Art. 5. This does not prevent the legislature from prescribing qualifications for statutory officers or reasonable regulations as, to place and length of residence of officers who properly should be chosen from

different parts of the State as in State *ex rel.* Moodie v. Bryan, 50 Fla. 293, 39 South. Rep. 929. In cases like State v. Frear, 34 L. R. A. (N. S.) 480, the legislative power was not restrained by specific organic provision, as in this case.

Section 27, Article III, commands that "The legislature shall provide for the election by the people or appointment by the Governor of all State and county officers not otherwise provided for by this constitution." Under this express mandatory organic provision all offices created by statute must be filled by officers who are either elected "by the people" or who are appointed "by the Governor." This provision denies to the legislature the power to authorize any other person, officer or agency to participate in or to limit or curtail the exercise of the executive judgment of the Governor in selecting persons for appointment from among those having proper and adequate qualifications as to age, residence, attainments or otherwise within appropriate bounds. See also Section 7, Article IV, of the State Constitution. The controlling organic provision in this case is very different from the one considered in 143 Cal. 412, 66 L. R. A. 249.

If Chapter 7821, Acts of 1919, be valid, its provisions for the creation and establishment of a "State Board of Chiropractic Examiners," would create State offices. See State *ex rel.* Clyatt v. Hocker, 39 Fla. 477, 22 South. Rep. 721, 63 Am. St. Rep. 174; State *ex rel.* v. Jones, 79 Fla. 56, 84 South. Rep. 84. The duties imposed are not in aid of legislative functions that may be performed by the legislature alone. See Chapter 6930 Acts 1915.

Section 2 of the Act is as follows: "The members of said Board shall be appointed by the Governor from a list of at least ten to be recommended by the Florida Chiro-

practors Association, and said appointment shall be made as soon as practicable after this Act becomes a law." This creates new offices and does not merely confer additional duties upon officers already provided for. See Kilgour v. Drainage Commissioners, 111 Ill. 342; Whitaker v. Parsons, 80 Fla. 352, 86 South. Rep. 247.

The provisions of Section 2 that the members of the Board "*shall* be appointed by the Governor *from a list of at least ten to be recommended by the Florida Chiropractor Association*" (italics supplied), clearly attempts to curtail and limit the exercise of the Governor's executive judgment and discretion in selecting for appointment from among persons who are qualified for appointment under the provisions of the Act itself, no questions of personal attainment or residence being involved. The attempted limitation of the executive power of selection and appointment of the members of the Board from among all who may be qualified under the statute, by requiring the appointments to be made "from a list of at least ten to be recommended by the Florida Chiropractor Association," is a clear violation of Section 27, Article III, of the constitution which expressly commands that unless the election of such officers "by the people" is provided for, they shall be appointed "by the Governor."

If the attempted limitation upon the Governor's constitutional power, which is invalid, could be eliminated without causing results clearly not intended by the legislature in the enactment, and the remaining provisions would be valid and operative, such partial invalidity might be declared and such elimination might be made by the court. But the provisions of the enactment are peremptory that "the members of said Board shall be appointed by the Governor from a list of at least ten to be recommended by

the Florida Chiropractic Association," Section 2; and that "all appointments made by the Governor to fill vacancies on said Board shall be made in accordanace with the provisions and requirements of this Act," Section 3; and "in accordance with the provisions of this Act with reference to the * recommendations for appointment as members thereof as hereinbefore provided," Section 29. These provisions clearly show an intent to limit the Governor's power of appointment in a manner that violates organic law, which renders the entire Act invalid, since to disregard the limitations would cause results not intended by the legislature. State v. Patterson, 50 Fla. 127, 39 South. Rep. 398; State *ex rel.* West v. Hilburn, 70 Fla. 55, 69 South. Rep. 784; Connoly v. Union Sewer Pipe Co., 184 U. S. 540; 81 Fla. 211.

The statute contains no provision that should any portion thereof be for any reason invalid, such portion should be regarded as eliminated and the remainder of the Act effectuated, as is provided in section 14½ of Chapter 8410, section 30, Chapter 6456, and section 49, Chapter 7430, and other statutes.

The settled rule of statutory construction is that if the obnoxious section or part of a statute is of such import that the other sections or parts without it would cause results not contemplated or desired by the legislature, then the entire statute must be held inoperative. State v. Patterson, 58 Fla. 127, 39 South. Rep. 398; Connolly v. Union Sewer Pipe Co., 184 U. S. 548, 22 Sup. Ct. Rep. 431; Spires v. State, 50 Fla. 121, 39 South. Rep. 181, 7 Ann. Cas. 214; State *ex rel.* West v. Hilburn, 70 Fla. 55, 69 South. Rep. 784; State *ex rel.* Buford v. Spencer, 81 Fla. 211, 87 South. Rep. 634; McFarland v. American Sugar Refining Co., 241 U. S. 79, 36 Sup. Ct. Rep. 498; Interna-

tional Text Book Co. v. Pigg, 217 U. S. 91, 30 Sup. Ct. Rep. 481; Williams v. City of Talladega, 226 U. S. 404, 33 Sup. Ct. Rep. 116; Sprague v. Thompson, 118 U. S. 90; 6 R. C. L. 124; 292 Ill. 236, 18 A. L. R. 929; 39 Fla. 477; 79 Fla. 56.

In State *ex rel.* Attorney General v. Dillon, 32 Fla. 545, 14 South. Rep. 383, the election commissioners appointed by the legislature were held to be not officers within the meaning of Section 27, Art. III of the Constitution. In State *ex rel.* Moodie v. Bryan, 50 Fla. 293, 39 South. Rep. 929, the statute did not limit the executive's power to appoint except as "to place and length of residence" and this was held to be permissible, no other authority being authorized to participate in the selection for executive appointment.

In Hadley, State ex inf. v. Washburn, 167 Mo. 680, 67 S. W. Rep. 592, the invalidity of the statute affected *only one of three election commissioners,* if they may be considered officers, and the organic provision violated forbad the granting by the legislature of "any special or exclusive right, privilege or immunity." The construction gave the Governor power to appoint in such cases. Sec. 11, Art. 5, Missouri Constitution. 265 Mo. 26.

In Clayton v. Utah Territory, 132 U. S. 632, 10 Sup. Ct. Rep. 190, the statutory mode of appointment of a State officer was held invalid though the office remained; and the organic law provided that such officer should be chosen in one way only, *viz.,* appointed by the Governor and confirmed by the Territorial Council. See also State v. Dineen, 265 Mo. 26, Ann. Cas. 1916D, p. 1. Our organic law provides that the officer shall be elected by the people *or* appointed by the Governor. If the limitation that the Governor shall appoint the three members of the Board

"from a list of at least ten to be recommended by the Florida Chiropractic Association," be regarded as eliminated from the Act, then the appointment would be authorized to be made in a manner contrary to the legislative intent as shown by repeated express provisions; and if the entire provision giving the Governor authority to appoint the members of the Board be eliminated, then the legislature has not provided for either an election by the people or an appointment by the Governor of the members of the Board, therefore the Act is inoperative. The *legislature* must provide one or the other of the constitutional means of selecting an officer.

The invalid portions of Chapter 7821 are of such nature and effect as not to be so clearly separable from the other provisions leaving the other portions inoperative as to permit the courts to effectuate the legislative intent notwithstanding the elimination of the invalid portions, as in Donald v. State, 31 Fla. 255, 12 South. Rep. 695; English v. State, 31 Fla. 340, 12 South. Rep. 689; Carr v. Thomas, 18 Fla. 136; Harper v. Galloway, 58 Fla. 255, 51 South. Rep. 226; Stinson v. State, 63 Fla. 42, 58 South. Rep. 722; State *ex rel.* Clarkson v. Phillips, 70 Fla. 340, 70 South. Rep. 367; Prairie Pebble Phos. Co. v. Silverman, 80 Fla. 541, 86 South. Rep. 508, and other cases.

When a portion only of a statute is unconstitutional, and the remainder is operative *to accomplish the purposes as designed by the legislature,* it may be executed to effectuate the legislative intent; but if the valid portions will if enforced cause results that *are contrary to the legislative intent as to an essential portion of the enactment,* the courts will not enforce the valid portions, for to do so would in effect be a usurpation of legislative functions, unless it appears from the entire statute that it would

have been enacted without the invalid portions had such invalidity been anticipated or appreciated, or unless the statute provides that invalid portions thereof may be eliminated and the remainder made effective, or unless an organic provision controls.

WEST, J., dissenting.

The statute (Chap. 7821) creates the "Florida State Board of Chiropractic Examiners." Conceiving its members to be state officers and in recognition of the constitutional requirement that all state officers whose selection is not otherwise provided for must be either elected by the people or appointed by the governor," (sec. 27, Art. III, Const. of Fla.) the legislature provided that "the members of said board shall be appointed by the governor." (Sec. 2, Chap. 8721). But in doing so it sought to restrict the exercise of the appointing power by prescribing that only a limited number of a designated class should be eligible to appointment to membership on the board.

The majority view is that because of this attempted restriction the entire enactment must fall upon the theory that it offends against the constitutional provision on the subject and without such restriction the legislature would not have enacted the statute at all. My view is not in accord with this holding.

Officers "not otherwise provided for by this constitution" are to be elected by the people or appointed by the governor, but the "election by the people" or "appointment by the Governor" is such as the "legislature shall provide." That the legislature may regulate such an election and regulate and place limitations upon the power of appointment to statutory offices has been expressly held

by this court. State *ex rel.* v. Dillon, 32 Fla. 545, 14 South. Rep. 383; State *ex rel.* v. Bryan, 50 Fla. 293, 39 South. Rep. 929. Whether the attempted restriction of the power of appointment is valid or invalid is not, in my opinion, however, necessary to be decided in this case. There is authority of high character holding that such a provision, if invalid, is separable and may be disregarded, and the remainder of the statute, not contrary to organic law, creating the office and prescribing the duty of the officer remain valid and enforceable. Hadley v. Washburn, 167 Mo. 680, 67 S. W. Rep. 592; Clayton v. Utah Territory, 132 U. S. 632. In principle this court is in accord with that view. Donald v. State, 31 Fla. 255, 12 South. Rep. 695; English v. State, 31 Fla. 340, 12 South. Rep. 689.

In Loeb v. Columbia Township Trustees, 179 U. S. 472, the rule for testing the question of whether a portion of a statute may be invalid because repugnant to the constitution without rendering the entire act void is stated in the following language: ''As one section of a statute may be repugnant to the Constitution without rendering the whole act void, so, one provision of a section may be invalid by reason of its not conforming to the Constitution, while all the other provisions may be subject to no constitutional infirmity. One part may stand, while another will fall, unless the two are so connected, or dependent on each other in subject matter, meaning or purpose, that the good cannot remain without the bad. The point is, not whether the parts are contained in the same section, for, the distribution into sections is purely artificial; but whether they are essentially and inseparably connected in substance— whether the provisions are so interdependent that one cannot operate without the other.''

The statute under consideration is an exertion of the police power of the state. Its object is to preserve the public

health and public safety of citizens of the state by requiring that those engaging in the practice of the profession mentioned shall possess certain qualifications. It forbids unskilled persons engaging in such profession. It protects the public against incompetents and quacks. Its object is sought to be accomplished through the instrumentality of officers appointed by the governor of the state. To say that the legislature would have been unwilling to afford this protection except upon condition that the member of the board created by the act were selected from a list of a limited number to be recommended by an association of those engaged in the practice, is going further than I can follow. In my view it makes that which is a mere incident of controlling importance. Furthermore, there is nothing in the record to indicate that any such list was furnished or that appointments to membership upon the board by the governor were made from such list, if furnished.

The import of the holding in this case is obvious when it is recalled that many other statutes provide for the appointment of statutory officers upon recommendation of other officers or "by and with the consent of the senate."

ELLIS, J., concurs in this dissent.