DREW, Justice.
This is a direct appeal from a decision of the trial court determining that subsection, F.S.1965, 460.02(4), F.S.A.[1] and Section *339 460.27, F.S.1965,[2] are wholly invalid and inoperative. Other portions of the final decree are not questioned on this appeal.
The trial court held that Section 460.02(4), supra, was a clear attempt to indirectly exert legislative power on the Governor in the exercise of the appointive power and to attempt to authorize and require the Board of Directors of the Florida Chiropractic Association, Inc. to participate in the election of persons to be appointed to public office. In reaching such conclusion the trial court relied in part upon the decision of this Court in Westlake v. Merritt, 85 Fla. 28, 95 So. 662. Westlake is inapplicable. In that case the questioned statute provided that the “members of said board shall be appointed by the Governor” from a list recommended by the board. There is no attempt by the Legislature in the questioned section to coerce or make any positive requirement on the Governor in connection with such appointment. The recommendations are in no sense made binding on the Governor. There is noth *340 ing in the statute which attempts to preclude others from making recommendations in the premises nor does the statute in anyway discriminate against nor deprive chiropractors who are not members of such association designated of any privileges, immunities or property rights. The Governor may totally disregard any and all recommendations with reference to such appointment in selecting membership for the Board. The trial court was in error in holding. F.S. Section 460.02(4), F.S.A., to be invalid.
The Chancellor then proceeded to strike down as unconstitutional all of F.S. Section 460.27, F.S.A., and among other things said:
“The annual renewal of each license is predicated upon two events, (1) the payment of a fee of $25.00 as required by subsection 460.27(1) and (2) attendance upon a two-day seminar as required by subsection 460.27(2). Standing alone these two subsections appear to be valid. But they are followed by subsection 460.27(3) set forth below. [See footnote #2.]
“It will be observed that the Board ‘in its discretion’ may excuse the payment of the fee or the attendance upon the seminar or both for any one of three causes: (a) that the applicant, for good cause assigned, suffered a hardship which prevented the applicant from renewing the license or attending the seminar; or (b) an unusual emergency; or (c) other good and sufficient reason. These are three separate and distinct ‘instances’ under which the Board may, ‘in its discretion’, grant or deny a renewal of license.”
The Chancellor proceeded with a discussion of F.S. 460.27(3) (c), F.S.A., “For other good and sufficient reason” — holding in fine that when considered with the remainder of the section it is too vague, indefinite and uncertain in that no guidelines are established for its administration and is therefore void. To this portion of his holding we agree under the authority of Barrow v. Holland (Fla.) 125 So.2d 749.
The trial court then invalidated all of F.S. 460.27, F.S.A., and in so doing said:
“ * * * the Legislature would not have adopted subsections 460.27(1) and 460.27(2) without subsection 460.27(3) and, therefore, this whole section 460.27 must fall. This does not necessarily affect the remainder of Chapter 460, which the Court feels would have been enacted without 460.27 had the Legislature anticipated this decision.”,
to which we cannot agree. F.S. Section 460.27, F.S.A., was enacted as a part of Chapter 63-295, Laws of Florida, in which section 27 of the Legislative Act provided:
“Section 27. It is declared to be the legislative intent that if any section, subsection, sentence, clause or provision of this act is held invalid the remainder of this act shall not be affected.” (Emphasis supplied.)
We have no difficulty — particularly after applying the saving clause just above mentioned — in isolating and invalidating Clause (c) supra, and permitting the remainder of subsection (3) to stand.
In summary we hold that Clause (c) of F.S. 460.27(3), F.S.A. phrased “For other good and sufficient reason” is void for the reasons hereinabove stated. That Section 460.02(4) F.S. and Section 460.27 except Clause (c) just above mentioned are valid legislative enactments.
Accordingly, the judgment is affirmed in part and reversed in part for further proceednigs not inconsistent with this opinion.
It is so ordered.
CALDWELL, C. J., THOMAS, ROBERTS and THORNAL, JJ., and MELVIN, Circuit Judge, concur.
ADAMS, J. (Retired), dissents with opinion.

. Section 460.02 reads as follows:
“460.02 Board, appointed by the governor, terms.
“ (1) The governor shall appoint three chiropractic physicians who shall possess the qualifications specified in § 460.01 to constitute the Florida state board of chiropractic examiners.
“(2) The term of office of the members of the board shall be for three *339 years from the termination of the now existing terms. Thereafter, the governor shall appoint or reappoint each member for a term of three years.
“ (3) Any vacancy in the membership of the board shall be filled by appointment by the governor for the unexpired term.
“(4) The board of directors of the Florida chiropractic association, inc., shall recommend to the governor for appointment to the board the name or names of chiropractors that it feels are qualified to serve on the board. In making this recommendation the association shall be guided by the provisions of subsection (1).”

. Section 460.27 reads as follows:
“460.27 Renewal of license required, fee, etc.
“(1) All persons who are now or may hereafter be regularly licensed to practice chiropractic in the state shall, on or before January 1, annually hereafter renew same and pay a renewal fee each year to the board, not to exceed twenty-five dollars as fixed annually by the board.
“(2) In addition to the payment of such renewal fee, each licensee so applying for license renewal shall furnish to the board satisfactory evidence that he has attended the two day educational program as conducted by the Florida chiropractic association, inc., or as a substitute therefor, the equivalent as approved by the board, in the twelve months preceding each renewal date. The determination of whether a substitute annual educational program is necessary shall be solely within the discretion of the board. Satisfactory evidence of attendance on postgraduate study of a type and character and at an educational session or at an institution approved by the board shall be considered equivalent.
“(3) Licenses may be renewed by the board at its discretion and the applicant excused from paying the renewal fee or attending the annual educational program or both in any of the following instances:
“(a) The applicant submits an affidavit to the board evidencing that he, for good cause assigned, suffered a hardship which prevented the applicant from renewing the license or attending the educational program at the proper time;
“(b) In the event of an unusual emergency;
“(c) For other good and sufficient reason.
“ (4) The secretary of the board shall send a written notice to every person holding a valid license to practice cliiro-practice at least thirty days prior to January 1 in each year, directed to the last known address of such licensee, and shall enclose with such notice blank forms as prescribed by the board for application for annual license renewal.
“(5) Every person failing to renew his license within thirty days after the same is due shall automatically forfeit his license to practice chiropractic in the state, but he may have his license reinstated upon the payment of a restoration fee of fifty dollars for each delinquent year or any part thereof in addition to the renewal fee as provided in subsection (1), and upon presentation of satisfactory evidence of postgraduate study of a standard approved by the board.
“(6) The board shall have the right, for good cause shown, to adopt and prescribe the type and character of the postgraduate study to be done by any chiropractor in order to comply with the requirements of this chapter.”