ADAMS, Justice (Retired)
(dissenting) :
This case originated in the Circuit Court of Leon County by appellees filing a bill in equity seeking a decree holding sections of Chapter 460 unconstitutional as well as the method of appointing the chiropractic board and further challenging certain rules promulgated by the board.
An answer was filed and hearing had, the chancellor hearing testimony.
The gist of the decree under attack found and held that there are three private and voluntary associations of chiropractors. Two are unincorporated and the third is incorporated. The latter is a private corporation and is the largest of the three. Section 460.01, Florida Statutes, F.S.A., creates the “Florida State Board of Chiropractic Examiners.” Section 460.02, Florida Statutes, F.S.A., provides for the Governor to appoint members to the Board. In subsection 4 of Section 460.02, it is provided that the Board of Directors of the Florida Chiropractors Association, Inc., recommend to the Governor for appointment to the board, the names of persons who are qualified to serve on the board.
It is this last provision in the Statute which is challenged as an unlawful delegation of power as being repugnant to Section 25, Article III of the Constitution of Florida., F.S.A.
The Chancellor held invalid Section 460.02(7), the sum and substance of which provides for the annual renewal of licenses predicated upon payment of a fee of $25 and attendance at a two day seminar, and the further provision that the license may be renewed by the board at its discretion and the applicant excused from paying the renewal fee or from attending the annual program or both in the following instances: (a) the applicant submits an affidavit to the board evidencing that he for good cause assigned suffered a hardship which prevented applicant from renewing the license or attending the seminar; (b) in the event of an unusual emergency; (c) other good and sufficient reason.
The Chancellor held that subsection 4 of Section 460.02 was invalid, said provision reading:
“(4) The board of directors of the Florida chiropratic association, inc., shall recommend to the governor for appointment to the board the name or names of chiropractors that it feels are qualified to serve on the board. In making this recommendation the association shall be guided by the provisions of subsection (1).”
The Chancellor also held Section 460.27, Florida Statutes, F.S.A. wholly invalid.
Chapter 460 is a chapter dealing entirely with the profession of chiropractics. It has a severability clause in it and we will not disturb the act as a whole if we find enough valid legislation in the chapter to enable the profession through its board to function within the main purposes set forth by the Legislature.
I agree with the Chancellor on this question inasmuch as this was a clear case of the Legislature delegating to a private corporation a measure of sovereignty contrary to Section 25, Article III of the Constitution of Florida. I recognize the distinguishing feature in this from our holding in Westlake vs. Merritt, 95 So. 662. It is true in this instance the Statute did not require the Governor to honor the recommendation of the board. Nevertheless a private corporation cannot in this instance participate in sharing the exercise of any sovereign capacity with the executive branch, neither can the Legislature delegate sovereign power to a private corporation.
The Chancellor was of the opinion that the Legislature would not have adopted subsections (1) and (2) of Section 460.27, without subsection (3); therefore, he concluded that all of Section 460.27 must be declared invalid.
*342 The chancellor found that all of Section 460.27 was invalid. Under this section the annual renewal of licenses was predicated upon the payment of the $25 fee as required by subsection (1) thereof, and two, attendance upon a two-day seminar. The Chancellor stated that these standing alone appeared to be valid but there was subsection (3) following them which he found to be invalid and then concluded that to eliminate the bad portion would call for the striking down of all of Section 460.27.
I agree with the Chancellor that the Legislature exceeded its authority in delegating powers to the Board which were not defined and spelled out in such a fashion as to meet constitutional requirements. There was a complete absence of standards and guidelines given by the Legislature by which the Board might comply with their duty under subsection (3) of said section. See Barrow v. Holland, Fla., 125 So.2d 749 and 1 Fla. Jur., Section 36, p. 243.
The Legislature in enacting this chapter very clearly stated that if any part of this chapter should be held invalid the remainder should not be affected. It is apparent that this Board can function and carry out the purposes of the act under 460.27 so long as subparagraphs (1) and (2) thereof are upheld. It is my conclusion therefore, that all of subparagraph (3) of said section is invalid and the remainder of said section is valid. In arriving at legislative intent we take a different view from the learned Chancellor. It is my judgment that the Legislature proposed to enact an overall comprehensive law recognizing and providing for the profession of Chiropractics. By deleting the objectionable parts of this chapter it seems perfectly reasonable that this profession could function in keeping with this legislative purpose. I have no difficulty reaching this conclusion even if the Statute had no severability clause in it. However in this case the Legislature provided, “it is declared to be the legislative intent that if any section, subsection, sentence, clause, or provisions of this act is held invalid the remainder of the act shall not be affected.” See Section 27, of the act. See also: 6 Fla.Jur., Const. Law, p. 352; 30 Fla.Jur., Statutes, § 140, p. 243; State v. Calhoun County, 126 Fla. 376, 170 So. 883; State ex rel. Limpus v. Newell, Fla., 85 So.2d 124; Kass v. Lewin, Fla., 104 So.2d 572; Dade County v. Keyes, Fla.App., 141 So.2d 819.