### BARAD v. FLORIDA BOARD OF PHARMACY.
No. 68-c-2306.

Circuit Court, Palm Beach County.

December 3, 1969.

92

Howard J. Falcon, Jr., Palm Beach, for the plaintiff.

Earl Faircloth, Attorney General, Bjarne B. Andersen, Jr., Assistant Attorney General, for the defendants.

HUGH MAC MILLAN, Circuit Judge.

*Final summary judgment:* After notice, this action came before the court on November 11, 1969, upon the plaintiff's motion for summary final judgment, the pleadings, affidavits and briefs filed in support of and in opposition to the said motion, argument of counsel, and, thereupon, the court finds as follows —

The plaintiff is in doubt as to his rights and obligations under §465.091(3) as amended by chapter 67-519, Acts of the 1967 Florida Legislature, and there is a bona fide actual present need for a declaratory judgment.

There is no genuine issue as to any material fact, and the plaintiff, Arnold Barad, is entitled to a summary final judgment as a matter of law.

§465.091(3), as amended by chapter 67-519, Acts of the 1967 Florida Legislature, pertaining to the professional education of pharmacists who are certified to practice in this state, provides in part as follows —

> No annual renewal certificate shall be issued by the board for the year 1968 and any following year until such time as the applicant submits proof satisfactory to the board that subsequent to the issuance of his certificate of registration or last renewal thereof, he has completed at least fifteen hours of continuing professional education, including postgraduate studies, institutes, seminars, lectures, conferences, workshops, extension studies, approved correspondence courses or such other form of continuing professional education as may be approved by the board . . . Provided, however, that any applicant for a renewal certificate who is age sixty-five or older shall be exempt from the continuing professional education requirements of this subsection.

The foregoing section makes no reference to *pharmacy* education and in no way relates the "continuing professional education" re-

ferred to in the section to the subject matter of pharmacy. The section furnishes no guidelines to the board of pharmacy and said board in its broad discretion may give "continuing professional education" credit for any type of program, course or other activity even though such course or activity is in no way related to pharmacy. As an example, the file reflects that credit was granted for continuing education to a registered pharmacist in connection with attendance at lectures on shoplifting and on payment for drugs and prescriptions by customers through insurance plans.

In the case of Levine v. Hamilton (Fla. 1953) 66 So.2d 266, involving a statute relating to the examination of applicants for registration as pharmacists by the Florida board of pharmacy, the court found a standard in the statute relating to the "compounding or dispensing drugs". In Pridgen v. Sweat (Fla. 1936) 170 So. 653, involving a statute relating to the examination of dentists, the court observed that the statute provided that the examination should be of "such character as to test the qualification of the applicants to practice dentistry or dental surgery and shall include such subjects as are taught in accredited dental schools" and found this to be an adequate standard for the board of dentistry to follow framing an examination. The case of Schneider v. Sweetland (Fla. 1968) 214 So.2d 338, involved a statute which provided for a two day educational seminar which all chiropractors could attend and receive their educational credit, whereas the pharmacy statute in question provides no specific course or courses which all pharmacists can attend in satisfaction of the educational requirements of the act. In the *Schneider* case no attack was made upon the two day seminar as constituting an unconstitutional delegation of legislative power to the board. Rather the attack was made upon the grounds set forth in the statute which would excuse attendance at the two day seminar. These grounds authorized the board to excuse attendance by reason of hardship or emergency, and "for other good and sufficient reason". The court found that hardship and emergency were adequate standards but struck down "for other good and sufficient reason" as having no standard. The recent case of Schneider v. Aiken (Fla. 1969) 227 So.2d 193, which this court finds distinguishable from the instant action, held that the regulations of the board of chiropractic examiners in regard to advertising were constitutional as was the statute granting said board such power even though said statute failed to explicate appropriate standards.

There are no standards whatsoever in the pharmacy statute and there is nothing in the statute to tie the required education to compounding drugs, to courses taught in pharmacy schools, or to any other standard related to pharmacy. It opens the door to rank

discrimination as between applicants without means of redress and could easily operate to deny equal protection of the laws. Pridgen v. Sweat, supra. The statute by reason of its lack of standards is so vague that a pharmacist cannot be expected to know what performance is required of him to comply with the statute. The statutory language creates and leaves unanswered the question whether a pharmacist is required to complete fifteen hours of education one time subsequent to the issuance of his certificate of registration or whether he must complete fifteen hours each year after his last renewal of his certificate. Thus, the verbiage in the statute is ambiguous and the intent and application unfathomable.

It appears that the way in which the pharmacists of this state were apprized of the official policy of the board and what continuing studies would be required of them for the fifteen hours continued professional education was through some material prepared by H. F. Bevis, as executive secretary of the Florida board of pharmacy, and published in the March, 1968 issue of the Florida Pharmaceutical Journal. In addition, the license renewal notice, which is sent to each pharmacist in the state, provides space for their signature and itemization under ten subheadings of the hours spent in furtherance of their continuance of their professional education.

No evidence was submitted of the board's adoption of the official rules and regulations pertaining to the professional education and studies approved by the board and predicated on §465.091(3). Further, nothing was submitted to reflect that if such rules were adopted they were duly filed with the secretary of state under the Administrative Procedure Act of Florida, Chapter 120, Florida Statutes 1967. See: Florida Administrative Code.

The statute in question unreasonably and arbitrarily discriminates against pharmacists under the age of 65 in that it exempts pharmacists of the age of 65 and over from compliance with the educational requirements of the Act. It thus creates a class within a class which bears no reasonable or just relation to the object of the legislation. Under the statute a pharmacist aged 65 or over who has never previously practiced in Florida and who attains his registration in Florida for the first time need never again comply with the educational requirements of the statute, whereas a pharmacist, such as the plaintiff, who is under the age of 65 and who has many years of practicing experience must still comply with the continuing professional educational requirements of the Act until he attains age 65. The classification adopted in favor of persons 65 and older has no just relation to, or reasonable basis in, essential differences of conditions and circumstances with reference to the

subject regulated and is thus arbitrary. Eslin v. Collins (Fla. 1959) 108 So.2d 889; Seaboard Air Line Ry. Co. v. Simon (1908) 47 So. 1001; Morey v. Doud (1957) 354 U.S. 457.

The title to the legislative act, chapter 67-519, by the 1967 legislature makes no reference to the exemption of persons age 65 and over from compliance with the Act. Accordingly, the title does not comply with the requirements of §16 of article III of the constitution of 1885 in that the subject is not adequately expressed in the title. State, ex rel. Smith v. Hollbrook (1938) 179 So. 691.

Common sense dictates that those engaged in professional activities should constantly upgrade their knowledge and skills in their respective fields. Particularly is this apparent in the realm of science in which such rapid and far-reaching developments are being made available as a result of vast private and governmental research. However, when government commands that certain educational methods be followed as a requisite for the practice of any profession, it is imperative that such requirements be universally applied without discrimination or prejudice.

This court finds that the statute is in violation of §12 and §1 of the declaration of rights of the 1885 constitution of Florida, and in violation of §1 of the fourteenth amendment to the constitution of the United States, in that it deprives a person of property without due process of law, and denies equal protection of the law.

Accordingly, it is adjudged that the said motion for final summary judgment is granted, and that §465.091(3) Florida Statutes 1967 is unconstitutional and void.

It is further adjudged that costs shall be taxed against the defendants at a subsequent hearing upon proper motion and notice.