GRIMES, Justice.
This is a petition for mandamus directed to the Governor of Florida and a petition for prohibition directed to the Florida Medical Examiners Commission and Wallace Graves, M.D., as chairman. The cases are consolidated because both involve the same issue. We have jurisdiction under article V, section 3(b)(7) and (8) of the Florida Constitution.
Dr. Ronald K. Wright is the medical examiner of the Seventeenth District which comprises Broward County. Because Dr. Wright’s term is expiring, the medical examiners met for the purpose of considering nominations for the new term. The commission nominated only Dr. Wright for the position. The governor requested the commission to submit additional nominations. Thereupon, Dr. Wright filed a petition requesting this Court to issue a writ of mandamus directing the governor to appoint him as medical examiner for the Seventeenth District. Dr. Wright also filed a petition asking this Court to prohibit the commission and its chairman from making additional nominations.
The resolution of this dispute depends upon the interpretation of section 406.-06(l)(a), Florida Statutes (1991), which reads in pertinent part:
A district medical examiner shall be appointed by the Governor for each medical examiner district from nominees who are practicing physicians in pathology, whose nominations are submitted to the Governor by the Medical Examiners Commission.
Dr. Wright contends that the statute does not require more than one nomination and that because the commission has chosen to nominate only Dr. Wright the governor is required to perform the ministerial duty of appointing him to the position. The governor responds that the statute by its wording contemplates more than one nominee and that to accept Dr. Wright’s position would mean that the commission rather than the governor would actually be making the appointment.
While the statute is not specific on the subject, we are persuaded that the governor’s interpretation is correct. By referring *847 to “nominations ” which are to be submitted to the governor, the statute appears to contemplate that more than one name be submitted. This interpretation is consistent with the deep-rooted philosophy favoring the governor’s appointment prerogative. See In re Advisory Opinion to Governor, 551 So.2d 1205 (Fla.1989); Westlake v. Merritt, 85 Fla. 28, 95 So. 662 (1923). We doubt that the legislature intended that the commission could require the governor to accept a single nominee.
The fact that the governor may have appointed single nominees as medical examiners of other districts does not affect our decision. These nominations were not challenged, and if the governor chose to accept single nominations, he could do so. We reject the argument that to require more than one nominee for Dr. Wright’s position would constitute a violation of the Equal Protection Clauses of the state and federal constitutions.
We hold that under section 406.06(l)(a), the Medical Examiners Commission is required to nominate at least two nominees for the position of district medical examiner. Accordingly, we grant the governor’s motion to dismiss the petition for mandamus, and we deny the petition for prohibition.
It is so ordered.
BARKETT, C.J., and OVERTON, MCDONALD, SHAW and HARDING, JJ., concur.
KOGAN, J., recused.